No. 39,880

STATE OF KANSAS, *Appellee,* v. P. D. MORROW, JR., *Appellant.*

(292 P. 2d 1094)

Opinion filed January 28, 1956.

*P. D. Morrow, Jr.,* was on the briefs, *pro se.*

*Keith Sanborn,* Deputy County Attorney, argued the cause, and *Harold R. Fatzer,* Attorney General, and *Paul E. Wilson* and *Robert E. Hoffman,* Assistant Attorneys General, and *Warner Moore,* County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant was convicted of violating the worthless-check law (G. S. 1949, 21-554), and has appealed.

Notwithstanding a most inadequate record presented, we have examined such as there is before us and are of the opinion there is no merit to the appeal.

One of defendant's contentions appears to be that his rights were prejudiced by the trial court's denial of his motion for a continuance. The record shows that defendant was represented in the court below by two court-appointed attorneys, and that his complaint with respect to a denial of a continuance is entirely lacking in merit. It has been held many times that the matter of a continuance in a criminal prosecution is largely within the discretion of the trial court, and that its ruling thereon will not be disturbed unless it appears that such discretion has been abused to the prejudice of substantial rights of a defendant. (*State v. Smith,* 173 Kan. 807, 812, 252 P. 2d 917; *State v. McManaman,* 175 Kan. 33, 36, 258 P. 2d 997.)

Another complaint concerns rulings on evidence and the sufficiency of the state's evidence to support the conviction. We consider it unnecessary to detail the evidence with respect to the circumstances under which the check in question in the amount of $125 was given. Defendant's real complaint appears to be based on the fact the jury failed to believe his version of the matter, but from a careful examination of such record as there is before us it is clear that the evidence introduced was sufficient to support the conviction.

And finally, complaint is made concerning the sentence imposed. G. S. 1949, 21-555, provides that one convicted of the offense here charged may be sentenced to imprisonment in the penitentiary for a period of not less than one year nor more than five years. Defendant had previously been convicted of the same offense in the same court, and because of such prior conviction the court, under the provisions of the habitual criminal law (G. S. 1949, 21-107a), sentenced defendant to confinement in the penitentiary for a period of not less than two years nor more than ten years, as it had the right to do under the mentioned statute.

We find no error in the record, and the judgment of the trial court is in all respects affirmed.