No. 42,086

THE STATE OF KANSAS, *Appellee,* v. HENRY CLAY COIN, *Appellant.*

(368 P. 2d 43)

Opinion filed January 20, 1962.

Appellant, *Henry Clay Coin,* was on the brief *pro se.*

*Guy L. Goodwin,* Deputy County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, *Robert E. Hoffman,* Assistant Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant appeals from a conviction of burglary in the third degree (G. S. 1949, 21-521) and larceny in connection therewith (G. S. 1949, 21-524).

At approximately 11:10 a. m., on November 10, 1959, the complaining witness in this case returned unexpectedly to her apartment in Wichita and encountered the defendant therein. He told her that he had been directed by the apartment manager to check the radiators. After a short discussion of the heating situation she left for an appointment, leaving the defendant in the apartment.

Later that day she contacted the apartment manager and learned that no one had been sent to check radiators. A search of the apartment revealed that two radiator valves were missing and in addition $20 had been taken from a dresser drawer which had been rifled. The radiator valves were later found in a pile of trash at the rear of the apartment building.

Defendant had previously been a tenant of the apartment in question and had had a duplicate key to it made. At the trial he was positively identified as the man encountered by the complaining witness in her apartment on the morning in question.

As stated, he was convicted of burglary in the third degree and larceny in connection therewith.

Although defendant appears in this court *pro se,* the record shows that throughout the trial he was represented by competent counsel of his own choosing.

In support of his contention that his motion for a new trial was erroneously denied, defendant raises three questions.

The first is that the court erred in not granting a continuance—requested the day of the trial—because an alibi witness was in the hospital.

There are several reasons why such contention is without merit.

In the first place, defendant did not comply with the provisions of the alibi statute (G. S. 1949, 62-1341).

In the second place, it has been held many times that the matter of a continuance is largely within the discretion of the trial court, and that its ruling thereon will not be disturbed unless it appears that such discretion has been abused to the prejudice of substantial rights of a defendant. (*State v. Morrow,* 179 Kan. 63, 292 P. 2d 1094; *State v. Smith,* 173 Kan. 807, 252 P. 2d 917.)

In the third place, the evidence of the witness in question was merely cumulative of that introduced by defendant as to his whereabouts on the date in question, and, further—the record shows that the affidavit of such witness was received and read to the jury.

Under the circumstances related, the denial of a continuance was in no way prejudicial to the substantial rights of defendant, and his contention with respect thereto is without merit.

The second point raised by defendant is that there was error in the matter of his arraignment.

It appears that on the opening day of the term defendant was in court together with defendants charged in other cases, and at that

time inquiry was made as to how he pleaded to the information. A plea of not guilty was entered upon the court records. During the course of the trial some question was raised as to the regularity and formality of the arraignment. The trial judge, although being of the opinion that all matters in connection therewith were regular and proper, nevertheless halted proceedings and inquired of defendant if he knew and understood what he was charged with and if he waived the reading of the information. Defendant replied in the affirmative and stated that his plea was not guilty. The trial proceeded.

Under the circumstances related we find no merit in defendant's contention. At all times he was represented by counsel; he made no objection to going to trial, and he participated therein. Upon the question being raised he stated that he knew and understood the charges against him and waived the reading of the information. Assuming—but not conceding—some "irregularity" did exist with respect to his arraignment in the first instance, it was cured by subsequent events. On the question see *State v. Cassady,* 12 Kan. 550, syl. 7, and *State v. Horine,* 70 Kan. 256, 78 Pac. 411.

The final question raised by defendant is that his motion for a new trial was erroneously denied because of newly discovered evidence.

Throughout the trial defendant's principal defense was that of alibi—that is, that he was working on a farm west of Mulvane on the date in question. The evidence which defendant claims was newly discovered was merely cumulative of that introduced by him at the trial, and, furthermore, was known to defendant prior to trial. Further, at the hearing on the motion for a new trial compliance with the provisions of G. S. 1949, 60-3004, was not made. That statute, although in our civil code, applies to the trial of criminal cases (G. S. 1949, 62-1414). See also *State v. Vandruff,* 125 Kan. 496, 264 Pac. 1060, and *State v. Smith,* 126 Kan. 670, syl. 1, 271 Pac. 289. Defendant's contention as to this matter is without merit.

With respect to each of the matters urged we find no error in the record and the judgment is affirmed.