No. 43,647

SIDNEY SMITH, *Appellant,* v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(386 P. 2d 295)

Opinion filed November 2, 1963.

*Robert B. Yohe,* of Kansas City, argued the cause and was on the brief for the appellant.

*Arthur E. Palmer,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Sidney Smith was convicted in the district court of Bourbon county of the offense of burglary in the second degree. Pursuant thereto he was committed to the state penitentiary. His appeal, *pro se,* from that conviction and sentence was dismissed by this court. Subsequently he filed a petition in the district court of Leavenworth county for a writ of habeas corpus. Following a hearing the petition for a writ was denied. The appeal presently before us is from that order.

The basic question presented is whether he was entitled to be represented by court-appointed counsel in his appeal from the Bourbon county conviction and sentence.

Because of the nature of the case it will be necessary to narrate in detail the factual background of the matter.

On March 4, 1960, Smith, hereafter referred to as defendant, stood charged in the district court of Bourbon county with the offense of burglary in the second degree (G. S. 1959 Supp. 21-520). Upon being informed by him that he did not have counsel to represent him and that he had no money or means to employ counsel, the district court, pursuant to the provisions of G. S. 1959 Supp. 62-

1304, appointed Buford L. Shankel, a qualified and practicing attorney of the county, to represent him. On March 11, 1960, defendant and Mr. Shankel appeared in court and a plea of not guilty was entered. The case was set for trial by jury on March 18, 1960. The case proceeded to trial and defendant was found guilty as charged. Defendant's motion for a new trial was argued and overruled on March 25, 1960, and he was sentenced to confinement in the state penitentiary for a term of not less than five years nor more than ten years (G. S. 1949, 21-523). Defendant then informed the court that he desired to appeal and requested that he be allowed to remain in the county jail. He made no request for the appointment of counsel to represent him on appeal. His request to remain in the county jail was denied and he was ordered placed in the custody of the sheriff for execution of the sentence. Shortly thereafter he was delivered to the state penitentiary.

On April 4, 1960, defendant—*pro se*—filed a notice of appeal with the clerk of the district court of Bourbon county, and on April 7, 1960, a copy of such notice of appeal, and a copy of the journal entry covering the trial proceedings in the district court, were transmitted to and filed in the office of the clerk of this court. The appeal in this court was docketed as case No. 42,067.

The records of this court show the following with respect to that appeal:

On April 21, 1960, defendant filed a motion for stay of sentence. On May 13, 1960, the motion for stay was denied because of noncompliance with the provisions of G. S. 1949, 62-1724 (*b*), relating to the steps to be taken by one seeking stay of execution of a sentence pending an appeal.

In the meantime the appeal had been set down for hearing for September 29, 1960.

On August 11, 1960, defendant filed a motion in which he stated that he had no money or other means with which to secure the services of an attorney and requested this court to appoint an attorney to represent him in the appeal.

On August 19, 1960, his motion for appointment of counsel was denied and the case was continued.

On December 15, 1960, defendant filed a petition in this court for a writ of habeas corpus, and it was docketed under the same case number (42,067) as his appeal.

On January 13, 1961, the petition for a writ of habeas corpus was

denied upon the ground "it seeks review of alleged trial error when an appeal from petitioner's conviction is presently pending in this court for that purpose."

Later, defendant contacted James E. Fussell, an attorney in Leavenworth. On March 17, 1961, Mr. Fussell advised the clerk of this court by letter that he had just been retained by defendant to represent him in the appeal, which, in the meantime, had been set for hearing on April 4, 1961.

On March 18, 1961, Mr. Fussell filed a motion requesting that his name be entered as attorney of record for defendant in the appeal then pending. On March 21, 1961, the motion was allowed, and Mr. Fussell's name was entered as attorney of record.

On March 21, 1961, the state, by the attorney general and the county attorney of Bourbon county, filed a motion to dismiss the appeal on the ground:

"That notice of the appeal by appellant has not been served on the County Attorney of Bourbon County, Kansas, and proof of service has not been filed with the Clerk of the District Court as required by Section 62-1724, General Statutes of Kansas, 1949."

A copy of this motion was mailed to defendant on the same date.

On the same date this motion to dismiss the appeal was filed (March 21, 1961) this court entered an order allowing Mr. Fussell, as attorney for defendant, twenty days in which to file a response, and the case was removed from the April, 1961, assignment.

On April 7, 1961, Mr. Fussell filed a response to the state's motion to dismiss the appeal, requesting this court to deny the motion, and alleging:

"1. That he, Sidney Smith, Appellant herein did on or about April 1, 1960, serve a copy of his Notice of Appeal on the county attorney of Bourbon County, Kansas, by sending a copy thereof to the clerk of the District Court, Bourbon County, Kansas, via United States mail, postage prepaid and did in fact send three copies of such notice of appeal and advise the clerk of the District Court of Bourbon County, Kansas, that one such copy was to be served upon the county attorney of Bourbon County, Kansas."

On April 12, 1961, this court entered an order dismissing the appeal on the authority of *State v. Combs*, 186 Kan. 247, 350 P. 2d 129; *State v. Shehi*, 185 Kan. 551, 345 P. 2d 684; *State v. Sims*, 184 Kan. 587, 337 P. 2d 704, and G. S. 1949, 62-1724.

Accordingly, defendant's appeal was dismissed.

On October 11, 1961, defendant filed in this court a petition for a writ of habeas corpus. It was docketed as case No. 42,835. On

October 20, 1961, upon consideration of the petition, this court denied the same "on the ground that habeas corpus is no substitute for an appeal to review trial errors." On October 26, 1961, defendant filed a motion for rehearing. Prior to any action being taken on such motion for rehearing, defendant, on November 15, 1961, advised the clerk of this court by letter that he desired to withdraw the motion.

On March 26, 1963, while still confined in the state penitentiary under the Bourbon county sentence on March 25, 1960, defendant filed a petition for a writ of habeas corpus in the district court of Leavenworth county. Among other things, the petition, in paragraphs 3(b) and 3(c) thereof, alleged that defendant was unlawfully detained and restrained of his liberty by the warden of the penitentiary because of the denial of counsel to handle his appeal, thus denying him the right to have his conviction reviewed because of his ignorance of procedure on appeal.

On April 17, 1963, the petition for a writ was heard by the district court of Leavenworth county. Defendant was present in person and introduced evidence. At the conclusion of the hearing the court denied the petition for a writ and, among other things, stated:

"We are concerned with as to whether or not the court did have jurisdiction; whether or not the sentence imposed was valid; and whether or not there were any Constitutional rights of the petitioner violated so that the Court would lose jurisdiction to impose a sentence, and none of those things appear to be present in this case.

"So, the only thing this Court can do here at this habeas corpus proceeding is deny the petition for release from custody."

It is from that order that the appeal now before us (case No. 43,647) was taken.

Defendant specifies as error (1) the failure of the district court of Bourbon county to appoint counsel to represent him in his appeal from the judgment and sentence of that court of March 25, 1960; (2) the order made by this court on August 19, 1960, denying his motion for appointment of counsel to represent him in the appeal, and (3) the order of the district court of Leavenworth county made on April 17, 1963, denying the petition for a writ of habeas corpus.

Before entering into a discussion of defendant's specific contentions in the appeal now before us we comment briefly on the proceedings heretofore related which occurred prior to the filing of the habeas corpus petition in the district court of Leavenworth county.

G. S. 1959 Supp., 62-1304, provides for the appointment of coun-

sel for an indigent defendant to conduct his defense to an indictment or information charging any offense against the laws of this state. Pursuant to this statute the district court of Bourbon county appointed Mr. Shankel to represent defendant at the trial on the burglary charge. The record establishes that Mr. Shankel represented defendant throughout the trial and at the hearing on the motion for a new trial. Except in a case where an indigent defendant has been found guilty of murder in the first degree and his punishment fixed at death, the statute makes no provision for the appointment of counsel to represent an indigent defendant on appeal. Defendant made no request that the district court of Bourbon county appoint counsel to represent him on appeal. At the time in question no statute or rule of this court required appointment of counsel on appeal in a case such as this. Mr. Shankel's duties and obligations as court-appointed counsel ended with the overruling of defendant's motion for a new trial.

G. S. 1949, 62-1701, provides that an appeal to this court may be taken by a defendant as a matter of right from any judgment against him. G. S. 1949, 62-1724, provides that a defendant may appeal to this court at any time within six months from the date of sentence, and further provides what steps must be taken in order for a defendant to obtain a stay of execution of the sentence pending disposition of the appeal. Here the defendant, within time, filed a notice of appeal *pro se,* as he had a right to do. He did not, however, comply with the statutory provisions respecting a stay of execution of his sentence, and both the district court of Bourbon county and, later, this court, on May 13, 1960, properly denied his motion for a stay of execution.

As heretofore related, defendant on August 11, 1960, filed a motion in this court for the appointment of counsel to represent him in his appeal then pending. The motion was denied on August 19, 1960, and, as of that time, no statute or rule of this court required the appointment of counsel on appeal except in a case where an indigent defendant had been convicted of murder in the first degree and his punishment fixed at death. Being in accordance with the well-established rule, and not being in violation of any statute, this court's denial of defendant's motion for the appointment of counsel on appeal was therefore proper.

In March, 1961, defendant employed Mr. Fussell, an attorney of Leavenworth, to represent him in the appeal which was still pend-

ing, and Mr. Fussell's name was entered as his attorney of record in the files of this court.

As heretofore related, the state, on March 21, 1961, filed a motion to dismiss the appeal on the ground that notice of the appeal had not been served on the county attorney of Bourbon county, and that proof of service had not been filed with the clerk of the district court as required by G. S. 1949, 62-1724. Mr. Fussell was granted twenty days in which to file a response to the state's motion to dismiss. He filed a response, the pertinent portions of which are quoted above, and it will be seen that literal compliance with the provisions of the appeal statute was not made. In fact, defendant so concedes. Accordingly, on April 12, 1961, this court dismissed the appeal. In *State v. Sims,* 184 Kan. 587, 337 P. 2d 704, adhered to by this court in sustaining the state's motion to dismiss, it was held:

"Supreme court has no jurisdiction to entertain an appeal by a defendant in a criminal case, unless he first complies with G. S. 1949, 62-1724 by serving within time prescribed therein notice of appeal on the county attorney of the county in which he was tried, and filing the same, showing proof of such service, with the clerk of the district court." (Syl.)

In the course of the opinion it was said:

". . . It is apparent that in order for a defendant to perfect an appeal in a criminal action so that this court may have jurisdiction to review the decision of the trial court or some intermediate order thereof, not only is service of the notice of appeal on the county attorney in the county in which defendant was tried mandatory, but such notice, together with proof of service on the county attorney, must be filed with the clerk of the district court within the time provided by law. Such has been the rule in this state since the early days. (Citing cases.)" (p. 588.)

To the same effect are the Combs and Shehi cases, above mentioned.

It will be seen, therefore, that under the well-established rule of this court the appeal was properly dismissed.

Neither of the habeas corpus petitions filed directly in this court requires any discussion. Both were properly denied.

As before related, defendant later, on March 26, 1963, filed a petition in the district court of Leavenworth county for a writ of habeas corpus. After a hearing the petition was, on April 17, 1963, denied, and the appeal before us is from that order.

Before going directly into a discussion of the basic question involved, we take note of a contention by the appellee warden (here-

after referred to as the state) that the record establishes that at the time in question defendant was not an indigent person and therefore was not, under any statute, or any rule or decision of this or any other court, entitled to have counsel appointed for him on appeal.

On the question of defendant's indigency we believe the contention is without merit. The appeal from Bourbon county was taken in April, 1960. Defendant's motion—the contents of which are noted above—for this court to appoint counsel was filed on August 11, 1960. It was denied on August 19, 1960. At that time, and during that period, defendant had no counsel. It was not until March, 1961, that he employed Mr. Fussell to represent him in the appeal then pending. At the hearing on the habeas corpus petition in Leavenworth county defendant testified that his appeal from the conviction in Bourbon county had been placed on the calendar of this court and had remained there for more than one year—"at which time I engaged Mr. Fussell, having at that time received my old-age pension and was able to employ an attorney."

Our conclusion is that the record sufficiently established that in August, 1960, defendant was an indigent person within the meaning of statutes and rules pertaining to the appointment of counsel.

For purposes of discussion and decision, we make no point of the fact that defendant did not request the district court of Bourbon county to appoint counsel to represent him on appeal. He later requested this court to do so—and his request was denied. The fundamental question, therefore, is whether he was entitled to court-appointed counsel on appeal—irrespective to which court the request was made.

Defendant concedes that in 1960 there was no statute, or any rule or decision of this court, requiring the appointment of counsel on appeal in a case of this nature, that is—a burglary conviction. It is argued, however, that had this court appointed counsel for him back in August, 1960, which was well within six months from the date of his sentence in Bourbon county (G. S. 1949, 62-1724), counsel so appointed undoubtedly would have corrected the defect in the taking of the appeal, and therefore the appeal would not have been subject to dismissal.

It is further contended that the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U. S. 353, 9 L. ed. 2d 811, 83 S. Ct. 814, rendered on March 18, 1963, requiring the appoint-

ment of counsel on appeal for an indigent defendant in a state court, has retrospective application and thus "refers back" to 1960, and therefore the order of this court made on August 19, 1960, denying defendant's motion for counsel on appeal, constituted a denial of due process and equal protection of the law. Defendant concedes the decision in the Douglas case is silent on the matter of its retrospective application, and that the same is true of the landmark decision of the Supreme Court of the United States in *Mapp v. Ohio,* 367 U. S. 643, 6 L. ed. 2d 1081, 81 S. Ct. 1684 (June 19, 1961), which held that, as a matter of due process, evidence obtained in an illegal search and seizure is inadmissible in a state court.

In connection with the Mapp case, defendant cites *Hall v. Warden, Maryland Penitentiary,* 313 F. 2d 483, decided by the United States Court of Appeals, 4th Circuit, on January 17, 1963, in which it was held that the holding in the Mapp case applies retrospectively. By analogy, therefore, it is contended that if the decision in the Mapp case has retrospective application—the same is true of the Douglas case requiring appointment of counsel on appeal for an indigent defendant in a state court.

On the other hand, the state directs our attention to two decisions rendered subsequent to the Hall case, above, which hold that the ruling of the Mapp case does not have retrospective application— *Gaitan v. United States,* 317 F. 2d 494 (United States Court of Appeals, 10th Circuit, April 22, 1963), and *United States v. Walker,* 323 F. 2d 11 (United States Court of Appeals, 5th Circuit, September 12, 1963, reported at 32 LW 2137). In this connection the state contends that if the holding in the Mapp case is not to be applied retrospectively—then neither is the Douglas case.

It is clear that only the Supreme Court of the United States can give a definite and authoritative answer to the question whether the rule of the Douglas case is to be applied retrospectively. If so applied, however, the practical effect may well be to require the reopening of criminal cases long since finally adjudicated. We believe that, as applied to the facts before us, the contention advanced in some quarters that later decisions of a court "were always the law," overlooks and departs from reality, and until directed by the Supreme Court of the United States to construe the Douglas case as having retrospective application—we decline to do so.

Being mindful of the import of the Douglas decision, which was

handed down on March 18, 1963, this court, on April 16, 1963, adopted the following rule:

"No. 56. When any defendant has been convicted of a felony and he is without means to employ counsel to perfect an appeal to the supreme court, he may make affidavit to that effect, stating that he intends to appeal and requesting the appointment of counsel. The judge of the court in which such defendant was convicted shall, when satisfied that the affidavit is true, appoint competent counsel to conduct such appeal."

to the end that henceforth all indigent defendants convicted of a felony are, under the terms and conditions therein set forth, entitled to court-appointed counsel on appeal in harmony with the Douglas decision.

At the time in question there was no statute—either state or federal—and no rule or decision of this court or of the Supreme Court of the United States—requiring the appointment of counsel on appeal for this defendant. We therefore hold that this court's order of August 19, 1960, denying his motion for the appointment of counsel on appeal, was not erroneous.

The order of the district court of Leavenworth county denying the petition for a writ of habeas corpus is affirmed.