No. 43,829

STATE OF KANSAS, *Appellee*, v. JESSE LEE BROWN, *Appellant*.

(396 P. 2d 401)

Opinion filed November 7, 1964.

*Stephen T. Mermigis*, of Kansas City, argued the cause, and was on the briefs for the appellant.

*J. F. Steineger*, assistant county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *Robert J. Foster*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Jesse Lee Brown, defendant (appellant), was charged and tried on two counts of an information: (1) robbery, and (2) grand larceny of an automobile, and the jury returned its verdict of guilty of attempted robbery on the first count, and not guilty of grand larceny on the second. From an order overruling defendant's post trial motions and the court's imposition of the sentence to the State Penitentiary, defendant *pro se* filed a notice of appeal to this court.

Defendant concedes that throughout all the proceedings in the district court he was represented by Mr. Charles W. Thompson, a highly competent and experienced trial lawyer.

The court allowed defendant to proceed on his appeal *in forma pauperis* in this court, and in accordance with our Rule No. 56 (see Prefatory Rule No. 1 (f), 191 Kan. xII) Mr. Stephen T. Mermigis, a regularly practicing attorney in Wyandotte county, was appointed to represent defendant. Mr. Mermigis prepared and filed an abstract and brief and orally argued the appeal at the October 1964 session of this court.

The defendant assigns as error the overruling of: (1) his counsel's motion for a continuance of the trial; (2) his objections to the display of a pistol; and (3) his motion for a new trial.

As to defendant's first assignment of error, the record discloses that at the commencement of the trial September 10, 1963, de-

fendant's counsel orally requested the trial court to grant a continuance for the reasons he felt he had not had adequate notice of the trial date, and being ill the night before, felt he could not adequately present the defense to the charges.

The record clearly discloses that on August 29, 1963, the defendant's case was set for trial for September 10, 1963. Counsel was immediately notified of the setting in a letter signed by the trial judge, and on two other occasions prior to the date of the trial defendant's counsel was notified by the county attorney's office that defendant's case was first on the docket for trial on September 10. It is further disclosed that counsel was well familiar with the case, as he had represented defendant on the previous trial which resulted in the jury's failing to reach agreement on a verdict.

We are of the opinion the time allowed counsel for the preparation of defendant's case, under the circumstances, was adequate. Defendant's contention he did not receive adequate notice of the setting is not sustained by the record.

As to defendant's contention his counsel was sick the night before, the record clearly discloses that at the commencement of the trial his counsel made the request for a continuance on the mentioned ground. The court, after observing counsel, and some colloquy being had between counsel and the court, stated to counsel they would proceed with the trial, and if at any time during the trial counsel felt he was not able to continue, the court would declare a mistrial. The case proceeded to trial, and at no time did counsel subsequently ask for a continuance for any cause. The trial lasted several days and counsel ably presented defendant's case. As a matter of fact, the jury returned a verdict of attempted robbery on a charge of robbery, and acquitted the defendant of larceny of an automobile. There is nothing in the record to indicate counsel was disabled by reason of any sickness the night before or during the trial of the case.

It is a well-established rule in this jurisdiction that the matter of a continuance in a criminal prosecution is largely within the discretion of the trial court and that its ruling thereon will not be disturbed unless it has been made to appear that such discretion has been abused to the prejudice of substantial rights of a defendant. Courts are vested with much discretion in protecting the orderly progress of business therein pending, and under the facts of this case it cannot be said that such discretion was abused. (*State v. Rangel*, 169 Kan. 194, 197, 217 P. 2d 1063; *State v. Morrow*,

179 Kan. 63, 292 P. 2d 1094; *State v. Hickock & Smith*, 188 Kan. 473, 482, 363 P. 2d 541.

It is asserted the trial court erred in permitting the state to display a pistol and interrogate two witnesses with reference thereto in an attempt to identify the pistol as the one used in the robbery.

The record discloses that on the date of the robbery the defendant, dressed in a distinctive shirt and hat, entered the Safeway supermarket in Kansas City and after a few minutes brandished a pistol and attempted to rob the employees of the store. He made the employees open two safes, but no money was found in either safe. Subsequently Officer Don Hall arrested defendant with a pistol in his possession, and this, together with the shirt and hat found by the arresting officer, was turned over to the police property officer, Edward R. Hardin.

At the trial the state called Officer Hardin who brought to court the physical evidence in his possession, *i. e.*, the hat, shirt and pistol. This evidence was identified and marked as exhibits. The sole function was to bring in all exhibits in order that a proper foundation might be laid during the course of the trial in interrogating other witnesses. The record discloses that four eyewitnesses to the holdup identified the defendant. They testified that defendant was carrying a pistol at the time of the robbery. They identified the shirt and the hat which were worn by defendant at the time of commission of the crime. The witness Rose hesitatingly decided he could not identify the pistol, and the witness Gabel testified she could not identify the pistol as the one used in the robbery. At this juncture the state called no further witnesses in an attempt to identify the pistol and the pistol was not offered in evidence.

Defendant's contention that the pistol was waived in front of the jury is not supported by the record. It is disclosed that all arguments about the pistol were made at the bench outside the hearing of the jury. There is nothing in the record to indicate the county attorney was acting in bad faith in an attempt to identify the pistol as the one used in the robbery. The rule is stated in 23A C. J. S., Criminal Law, § 1087, p. 114:

"While the prosecuting attorney should not endeavor to introduce legally inadmissible evidence, or testimony known to be untrue, he should be allowed full range within the law to bring out all the material evidence he has good reason to believe will shed light on the commission of an alleged offense, and in the absence of bad faith the displaying of an exhibit not thereafter introduced in evidence, or attempting to introduce proper evidence, does not constitute prejudicial misconduct."

Whether there has been a denial of a fair trial must be judged on the totality of facts. (*Gay v. Graham*, 269 F. 2d 482, 487, [10th Cir.].) An examination of the entire record in the instant case leads us to conclude that defendant was not deprived of a fair trial.

Inasmuch as defendant's motion for a new trial presents no other questions than those heretofore covered, no further consideration of the motion is necessary.

We find no error in the record, and the judgment of the trial court is, in all respects, affirmed.

It is so ordered.