**Morgan Kirby WATKINS, Appellant,**
v.
**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

No. 8028.

United States Court of Appeals
Tenth Circuit.

April 22, 1965.

James W. Schroeder, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before LEWIS and SETH, Circuit Judges, and DOYLE, District Judge.

## PER CURIAM.

Appellant filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. A hearing was held during which appellant was represented by a court-appointed counsel. The relief was denied, and this appeal has been taken.

The record shows that appellant is presently confined in the Kansas State Penitentiary pursuant to a conviction by the District Court of Wilson County, Kansas. Following the conviction, evidence was presented of two prior felony convictions, and appellant was sentenced to a term of not less than fifteen years as an habitual criminal.

Following his conviction, appellant took an appeal to the Kansas Supreme Court pro se, and the judgment of conviction was affirmed. Thereafter the appellant upon several occasions sought relief by post-conviction remedies, all of which were denied. He then filed for a writ of habeas corpus in the court in which he was originally tried, and the court there treated the application as a motion for post-conviction relief under a Kansas statute comparable to the federal § 2255. An attorney was appointed to represent appellant in such proceeding. Two principal points were there raised, the first being that he was inadequately represented by his court-appointed counsel in his original trial, and secondly that he had been denied his constitutional rights in that an attorney had not been appointed for him on the appeal of his original conviction to the Kansas Supreme Court although he was an indigent. The State District Court ruled against appellant's petition on the basis of Smith v. Crouse, 192 Kan. 171, 386 P.2d 295. This ruling was however amended to grant relief following the reversal of Smith v. Crouse by the United States Supreme Court at 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039. The Kansas District Court in this ruling did not spell out in detail the remedy that was then open to appellant, but did proceed as far as it could under the circumstances. The court said in effect that the case was then in the same situation as if the trial court had just overruled a motion for new trial and sentenced the defendant. The court also stated that application of "some sort" should be made to the Kansas Supreme Court for appellate review of the judgment and sentence, and that "some way will have to be found to invoke the jurisdiction of that Court." The Kansas District Court thus acknowledged that appellant had a right to petition the Kansas Supreme Court. When this is read with the construction given by the Kansas Supreme Court of the mandate in Smith v. Crouse, supra, the relief available is clear because the court there held that the appeal be reinstated and counsel appointed. Smith v. Crouse, 386 P.2d 295.

■ The Kansas court's recognition of the right of a person in appellant's

position to have counsel appointed on appeal is in accordance with Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. The holding in Smith v. Crouse, supra, that the appeal be reinstated and counsel appointed is the method to correct the previous denial of constitutional rights in accordance with Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215, and the District Court of Wilson County on appellant's petition followed the same authority.

Thus it is clear from the record that appellant was granted the right to appeal his original conviction to the Kansas Supreme Court and to have an attorney appointed. This was the relief sought by his petition to the Wilson County District Court. The appellant having been advised of the action of the state court then wrote to the attorney who had been appointed to represent him in connection with the relief so granted. In this letter, appellant instructed the attorney not to file notice of appeal in the Kansas Supreme Court. In this letter, appellant stated: "Don't file notice of appeal in Kansas Supreme Court for new trial. I will not file notice of appeal in Kansas v. Watkins because there is not one thing to accomplish in this action for the plaintiff and all to gain for the respondent. I will not file a motion for appellate review nor notice of appeal for new trial." The appellant thereafter again wrote the attorney stating that appellant had exhausted all remedies in the state courts, and that he had filed an application for a writ of habeas corpus in the United States District Court. He also stated that he believed this was the only remedy he had available, and recited his prior unsuccessful petitions for post-conviction relief in the state courts. Thereafter his attorney responded by a letter stating in part: " * * * I am inclined to agree with you that having me file an appeal or to reinstate the original appeal * * * would be just a waste of effort." As indicated in appellant's letter, he filed a petition in the United States District Court for the District of Kansas which was heard as above described, and is here on appeal.

It is apparent that the appellant recognized that he had a right to appeal to the Kansas Supreme Court, and it is likewise apparent that he knew that an attorney had been appointed to so represent him. His first letter to this attorney leaves no doubt that he did not wish to pursue such an appeal. His evaluation was that such remedy would not accomplish anything for him and the state had all to gain. Thus when the relief which he had sought in the state courts was made available to him, he refused it. It is clear from the record that this choice was made by appellant. His attorney, as above indicated, agreed with him after appellant's intention had been expressed. The letters of the appellant and of his attorney amount to an independent evaluation by each of the possible success of the state remedy which was then available. Appellant's reference to the only remedy available in the second letter with mention of prior failures in the state court must be taken to mean an expression of opinion as to a successful outcome.

 Under the circumstances disclosed by the record, it was well within the discretion of the habeas corpus court to deny the appellant relief as described in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The Supreme Court there stated that such discretion lies where the applicant has deliberately bypassed the orderly procedure of the state courts, and in so doing has forfeited his state court remedies. The test for such "deliberate bypass" of course includes an awareness of the availability of state remedy and a decision not to use it made by the petitioner himself. We do not read Fay v. Noia, supra, to mean as appellant urges that the petitioner has to have some improper motive in bypassing the state procedure, but only that it be a clear avoidance or evasion of the adjudication by the state court made deliberately by petitioner. The disposition of the petition as made by the trial court is likewise in

**930**

accordance with Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

The trial court's finding of deliberate bypass of state remedies available to appellant is supported by the record, and there was no abuse of discretion by the court in its denial of relief for such reason. Appellant in this appeal has raised no other issues as to the disposition of the case by the trial court, and the case is affirmed.