No. 44,223

THE STATE OF KANSAS, *Appellee*, v. EDWARD DICKSON, *Appellant*.

(424 P. 2d 274)

Opinion filed March 4, 1967.

*L. J. Grant*, of Topeka, argued the cause and was on the brief for the appellant.

*Robert D. Hecht*, County Attorney, argued the cause and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: Defendant was convicted of burglary in the second degree and larceny in connection therewith. He had two prior convictions, both in Shawnee county—each being for burglary in the second degree and larceny in connection therewith—in 1952 and 1959. Accordingly, under the provisions of the habitual criminal statute (K. S. A. 21-107a) and K. S. A. 21-109, he was sentenced to confinement for a period of forty years. He has appealed.

Although five contentions are made—defendant's chief argument is directed to the proposition that under the circumstances disclosed he was erroneously forced to trial and that a continuance should have been granted.

On May 21, 1964, defendant was charged with the offenses of burglary in the second degree and larceny in connection therewith, and receiving stolen property (K. S. A. 21-549). His preliminary examination was held on June 14. He was present with court appointed counsel, Mr. Robert Nelson, a member of the Topeka Bar. Defendant testified. He was bound over to the district court on both charges.

On September 14, defendant appeared in the district court. He announced that he was without funds to employ an attorney. Ac-

cordingly, Mr. Nelson, who had represented him at his preliminary examination, was formally appointed to represent him at his trial, and it was announced that the trial would be held during the week of October 12. This was satisfactory to all parties. The latter part of September defendant and Mr. Nelson were advised the trial was set for October 16.

On October 14, Mr. L. J. Grant, a member of the Topeka Bar, advised Mr. Nelson that he (Grant) had been retained by defendant to represent him and that he (Nelson) had been "fired."

On October 15, all parties were in court. The court was told that defendant and Mr. Nelson had had a "falling out" and that defendant no longer desired that Mr. Nelson represent him. Mr. Grant stated that he was unfamiliar with the case and that he had already made plans for an immediate vacation and would be out of town until about November 10. He, Grant, sought a continuance.

The state, calling attention to the fact a jury had already been called and witnesses subpoenaed—objected to such "last minute strategy."

Following a lengthy colloquy between court and counsel the court denied the request for a continuance and announced that the case would go to trial the next morning—as scheduled. In so ruling the court called attention to the fact Mr. Nelson had been familiar with the case for months; that his appointment had been satisfactory to defendant; that a jury had been called and witnesses subpoenaed; that defendant and his counsel had had notice of the setting for at least a month, and that such "last minute" disruption of the court docket would not be permitted. Mr. Grant was given permission to appear and assist Mr. Nelson at the trial.

The trial commenced the next day and took several days, with the result as above stated. Apparently defendant was acquitted of the charge of receiving stolen property for the journal entry of judgment shows that as to such offense he was discharged.

Mr. Grant represents defendant in this appeal and, as stated, the principal contention is that the trial court committed error in denying a continuance and in ordering the trial to proceed on the date set.

The rule is that the granting of a continuance in a criminal prosecution is largely within the discretion of the trial court, and its ruling in the matter will not be disturbed unless it affirmatively appears that such discretion has been abused to the extent that a de-

fendant's substantial rights have been prejudiced (*State v. Smith*, 173 Kan. 807, 812, 252 P. 2d 917, *State v. Morrow*, 179 Kan. 63, 292 P. 2d 1094; *State v. Earley*, 192 Kan. 144, 386 P. 2d 221, *State v. Brown*, 193 Kan. 654, 396 P. 2d 401.)

In this case the facts speak for themselves and need no elaboration. No showing whatever has been made that defendant was prejudiced by the denial of the continuance and under the circumstances the trial court did not abuse its discretion.

Some point is attempted to be made that the provisions of K. S. A. 62-1304—relating to appointment of counsel and procedure to be followed when a defendant comes into funds so as to enable him to employ counsel—were not followed. The contention is without merit. Counsel had long been appointed for defendant and Mr. Grant was given permission to participate in the trial. Defendant was represented throughout the trial and no prejudice has been shown.

Finally, it is argued the trial court erred in the admission of evidence and that the verdict is contrary to the evidence. A short answer to these contentions is that defendant has not abstracted one word of the evidence—consequently the questions are not subject to review.

No showing has been made that defendant's substantial rights were in any way prejudicially affected, and the judgment is affirmed.