No. 44,650

JESSE LEE BROWN, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(426 P. 2d 49)

Opinion filed April 8, 1967.

*Edward G. Collister, Jr.,* of Kansas City, argued the cause, and *John E. Shamberg and Gerald T. Elliott,* also of Kansas City, were with him on the brief for the appellant.

*William L. Roberts,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Leo J. Moroney,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner from an order of the district court of Wyandotte County, Kansas, denying relief in a proceeding instituted pursuant to K. S. A. 60-1507.

The only question squarely presented for consideration on appeal concerns the prior convictions of the petitioner asserted by the state as a basis for invoking the habitual criminal act. (K. S. A. 21-107a.)

The judgment and sentence attacked by the petitioner in the instant case was appealed to the Supreme Court by the petitioner after trial and appears in the reports as *State v. Brown,* 193 Kan. 654, 396 P. 2d 401. The facts upon which the criminal conviction is based are there set forth and will not be restated.

Nearly all of the petitioner's grounds for attack in this 1507 proceeding relate to "effective assistance" of court-appointed counsel for him. The first three grounds asserted by the petitioner for relief—(1) that his court-appointed attorney was ill and under medication at the beginning and throughout the first trial which

resulted in a mistrial; (2) that his court-appointed attorney was ill and under medication at the beginning and throughout the second trial which resulted in his conviction; and (3) that the trial court allowed the display of a pistol at the second trial which was not thereafter introduced in evidence—were all specified as error on appeal from the criminal conviction.

In this 1507 proceeding the petitioner was granted an evidentiary hearing at which he was present and represented by court-appointed counsel. No substantial evidence was adduced at the hearing to show that counsel appointed for the petitioner in the criminal proceeding was disabled or unable to adequately perform his duty to his client by reason of illness in the criminal proceeding. After hearing the evidence the trial court summarily ruled upon the foregoing points adversely to the petitioner. It recognized that these points had previously been considered by the Supreme Court on appeal, and held that a proceeding under the provisions of K. S. A. 60-1507 is not to be used as a substitute for a second appeal. The foregoing is the rule of the Supreme Court. (Rule No. 121 [c] [4], 194 Kan. xxvii; and *Miles v. State,* 195 Kan. 516, 407 P. 2d 507.) We hold the trial court did not err in summarily disposing of these points, and it was not required to make detailed findings of fact in so doing.

The new ground asserted by the petitioner in this proceeding is that the trial court erred in failing to set aside the sentence because it considered evidence of prior convictions in which the petitioner was not represented by counsel.

The convictions relied upon by the trial court to invoke the habitual criminal act are three St. Louis Circuit Court felony convictions. Evidence of these prior Missouri convictions does not appear in the record, but the petitioner admits in his brief that he was represented by counsel in the three St. Louis Circuit Court felony convictions which were relied upon to invoke the habitual criminal act. The petitioner testified:

"A lawyer stood up with him in the St. Louis conviction. He thinks he talked to him about 5 minutes before pleading guilty. He talked to the prosecuting attorney and everything was all arranged and understood out in front. The lawyer standing up with him in front of the bench was just a formality and the lawyer didn't give him any advice at all. . . ."

The evidence introduced by the petitioner at the 1507 hearing consisted of three exhibits disclosing *other prior felony convictions* in the state of Missouri where he contends he was not represented

by counsel. These prior convictions were not used as a basis for invoking the habitual criminal act for the sentence presently under attack.

Here on appeal the substance of the petitioner's attack upon the prior convictions used to invoke the habitual criminal act is that he did not have the benefit of effective assistance of counsel.

Upon the evidence introduced by the petitioner the trial court said:

". . . As to the matter of the convictions, there has been introduced in this case in this hearing by the State the record showing the three prior convictions of Jesse Lee Brown, showing that he was represented by an attorney. Do you expect me to sit here now and take his statement, when by his own act he brings before the Court three more convictions, and in one of those convictions it shows that he has counsel. . . ."

Accordingly the trial court denied relief.

In a supplemental brief filed by counsel for the petitioner they challenge the holding in *State v. Engberg*, 194 Kan. 520, 400 P. 2d 701, cert. den. 383 U. S. 921, 15 L. Ed. 2d 676, 86 S. Ct. 899, followed in *Chappell v. State*, 197 Kan. 407, 416 P. 2d 786, to the effect that foreign convictions are entitled to a presumption of validity pursuant to the full faith and credit clause of the constitution.

The record presented by the appellant on this appeal is insufficient to challenge the holding in *Engberg*. Here the record conclusively shows by the admission of the petitioner that he was represented by counsel in the prior convictions asserted by the state for the purpose of invoking the habitual criminal act.

Counsel for the petitioner rely upon *Browning v. Crouse*, 356 F. 2d 178 (10th Cir. 1966). There the petitioner in a *federal habeas corpus* proceeding challenged a life sentence invoked pursuant to the habitual criminal act of Kansas. The two prior convictions asserted were held by the Federal Circuit Court to be void (one was conceded by the Warden on appeal to be void) because the petitioner was not represented by counsel in either case. The court there said of the Oklahoma prior conviction:

". . . When a record fails to show affirmatively that the required safeguards are provided, their existence may not be inferred from a general statement of a practice. Even if Browning was advised of his right to counsel, nothing in the record, and no finding by the district court, establishes that he knowingly and voluntarily waived that right. In our opinion the Oklahoma conviction was void and subject to collateral attack in the federal habeas proceedings." (p. 180.)

The court in *Browning* further said the appellant's testimony was positive and unimpeached by cross examination; that the indefinite and inconclusive showing made by the Warden casts only a conjectural and insubstantial doubt on its verity; that "the testimony 'may not be disregarded, even though adduced from interested witnesses, and no question of credibility or issue of fact is presented for determination' by the trier of the facts." (p. 180.)

Counsel for the petitioner argue that the petitioner's unchallenged testimony in the instant case is that he was not advised of any rights by any attorney that allegedly represented him in the Missouri convictions, and that as a matter of fact this was only a pro forma representation.

It may be noted in the *Browning* decision the record in the Federal District Court affirmatively disclosed the appellant there was not represented by counsel in the two proceedings which resulted in his prior convictions. The issue was whether or not he had properly been advised of his right to counsel and afforded an opportunity to make an intelligent waiver. In the instant case the petitioner was represented by counsel in the prior convictions, the challenge being merely to the "effective assistance" of counsel.

Our decisions indicate where an indigent defendant is represented by counsel, and after consulting with appointed counsel enters a plea of guilty to the charge or charges, particularly where there are numerous prior convictions, the strategy adopted is his own choice and he cannot be heard to complain on appeal if, upon adopting such trial strategy, he fails to attain the desired result. (*State v. Radke,* 168 Kan. 334, 212 P. 2d 296.) A defendant's plea of guilty in a criminal case is a confession of guilt of the crime charged and of every fact alleged in the charge. Legally speaking, it is the most formal and binding confession it is possible for a defendant to make. (*State v. Nichols,* 167 Kan. 565, 207 P. 2d 469; *State v. Downs,* 185 Kan. 168, 341 P. 2d 957; and *McCall v. State,* 196 Kan. 411, 411 P. 2d 647.)

This court in proceedings conducted pursuant to 60-1507, *supra,* has committed itself to the proposition that the movant has the burden of establishing his ground for relief by a preponderance of the evidence; and that the uncorroborated statements of the movant shall be insufficient to sustain the burden of proof. (Supreme Court Rule No. 121 [g], 194 Kan. xxviii.)

The prior St. Louis Circuit Court felony convictions asserted by the state to invoke the habitual criminal statute (K. S. A. 21-107a) in the instant case are entitled to full faith and credit.

Upon careful review of the record we hold the trial court did not err in denying the petitioner relief upon the grounds asserted in his petition.

The judgment of the lower court is affirmed.