**Jesse Lee BROWN, Appellant,**

v.

**S. H. CROUSE, Warden Kansas State Penitentiary, Appellee.**

**No. 9778.**

United States Court of Appeals Tenth Circuit.

July 26, 1968.

5. See also, Milbourne v. Kelley, 93 Kan. 753, 145 P. 816, 818; Shepard v. Gibson, 88 Kan. 305, 178 P. 371.

**312**

William E. Gandy, Denver, Colo., for appellant.

Jon K. Sargent, Asst. Atty. Gen. of Kansas, Topeka, Kan. (Robert C. Londerholm, Atty. Gen. of Kansas, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

The appeal by a state prisoner is from an order entered, without the issuance of an order to show cause or an evidentiary hearing, dismissing appellant's petition for a writ of habeas corpus.

Appellant was charged in the District Court of Wyandotte County, Kansas, with the crimes of auto theft and attempted robbery. He was convicted only of the latter and was sentenced under the Kansas Habitual Criminal Act.[1] The Act was invoked, because of three previous felony convictions in the State of Missouri. Brown appealed his Kansas conviction to the State Supreme Court and the same was affirmed.[2] Thereafter, he was denied post conviction relief provided by K.S.A. 60–1507 [3]. There is no question here about exhaustion of state remedies.

The petition for the writ alleged denial of Constitutional rights in that petitioner was denied the effective assistance of counsel in his Kansas state court trial and conviction and also in the three Missouri state court convictions, which were used by the Kansas state sentencing court to invoke the Habitual Criminal Act for sentencing.

The trial judge here, at the time he summarily dismissed this action, had only the petition for the writ before him. In addition it is apparent that he relied upon the two above cited decisions of the Kansas Supreme Court and dismissed the action under authority of 28 U.S.C. § 2254, as Amended, 1966. He did not have a transcript of the state trial proceedings, a transcript of the post conviction proceedings had later in the sentencing court or any document pertaining to the Missouri felony convictions.

Appellant urges that he was entitled to a hearing upon his petition and that the trial court erred in adopting the findings of the Kansas Supreme Court and dismissing the action without issuing an order to show cause and without affording him a hearing. We agree.

28 U.S.C. § 2254, as Amended in 1966, sets out the guidelines for handling state prisoner petitions for writs of habeas corpus. The part of that statute pertinent to the question here is paragraph (d). It provides that "a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or

---

1. K.S.A. 21–107a.

2. State v. Brown, 193 Kan. 654, 396 P.2d 401.

3. Brown v. State, 198 Kan. 527, 426 P.2d 49.

an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceedings in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal Court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record. And in an evidentiary hearing in the proceeding in the Federal Court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, other-

wise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous."

Paragraph (e) of § 2254 provides the means by which the pertinent part of the state court record shall be produced in the federal habeas corpus proceeding, "if the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein."

■ Paragraphs (d), (e), and (f) of § 2254 are not intended to render unnecessary an evidentiary hearing in a habeas corpus proceeding in a federal court instituted by a state court prisoner, where the application for the writ or the response thereto present material issues of fact. Such paragraphs only provide when, in such an evidentiary proceeding, a rebuttable presumption of the correctness of the state court's determination of a pertinent issue of fact may arise; and also when the burden of proof may devolve upon the applicant when he challenges the state court's determination of a pertinent issue of fact, due proof of such factual determination having been made, to establish by convincing evidence that such factual determination was erroneous.

Thus, paragraphs (d), (e), and (f) clearly contemplate an evidentiary hearing and an application therein of such rebuttable presumption of correctness, if it arises under the provisions of such paragraphs, and the casting of such burden of proof upon the applicant for the writ, if it devolves upon him under the provisions of such paragraphs.

So construed, paragraphs (d), (e), and (f) are entirely in conformity with the statement of this court in Dentis v. State

**314**

of Oklahoma, 376 F.2d 590,[4] where it said:

> "In a habeas corpus case brought by a state prisoner in which a federal Constitutional question is raised, a prior adjudication of the law or the facts by a state court is not to be accepted by the federal judge without first determining that there is factual and legal support for such adjudication."

▇ Finally, we hold that paragraphs (d), (e), and (f) afford no ground for a summary dismissal of an application for a writ of habeas corpus filed in a federal court by a state prisoner solely upon an examination by the federal court of pertinent factual determinations of the state court in a proceeding to which the applicant and the state were parties and without an evidentiary hearing to resolve issues of fact raised by the applicant for the writ or the response thereto.

The order of dismissal is set aside and the case is remanded for further proceedings consistent herewith.

4. See additional cases cited therein.