No. 45,137

STATE OF KANSAS, *Appellee,* v. OLIVER NICOLAY, *Appellant.*

(447 P. 2d 403)

Opinion filed December 7, 1968.

*Richard O. Skoog,* of Ottawa, argued the cause and was on the briefs for the appellant.

*Myron S. Steere,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of the theft of thirteen head of Holstein heifers resulting in a sentence for grand larceny.

Repetition will be avoided if we present the pertinent facts as we discuss the issues raised by appellant.

The appellant first contends that the trial court erred in failing to grant a continuance of the trial of the case.

We have adhered to the very general rule that the granting of a continuance in a criminal prosecution rests largely in the discretion of the trial court. Its ruling will not be disturbed unless it affirmatively appears that such discretion has been abused to such an extent that the appellant's substantial rights have been prejudiced. (*State v. Smith,* 173 Kan. 807, 252 P. 2d 917; *State v. Morrow,* 179

Kan. 63, 292 P. 2d 1094; *State v. Earley,* 192 Kan. 144, 386 P. 2d 221; *State v. Brown,* 193 Kan. 654, 396 P. 2d 401; *State v. Dickson,* 198 Kan. 219, 424 P. 2d 274.)

It appears that the appellant was charged by information on November 14, 1966. At the preliminary hearing the appellant's retained counsel examined the state's witnesses. On January 3, 1967, the appellant appeared with his retained counsel, waived arraignment and formal reading of the information. The case was set for trial on February 7, 1967. On January 31, 1967, appellant's counsel announced to the court that he was withdrawing from the case. The court then appointed the same counsel to represent the appellant. Appointed counsel then made an oral motion for a continuance which was denied.

The day before the case was set for trial the appellant filed a written motion for a continuance suggesting that—

". . . the defendant or someone on his behalf had been unable to find or discuss a possible alibi plea with possible witness in Martin City, Missouri, where the defendant claimed his truck had been for a considerable period of time between the hours of 4:00 p. m. on November 14, 1966, and 8:00 a. m. on November 15, 1966, and during which period of time the thirteen (13) Heifers of Arlon Jones were allegedly stolen. . . ."

The trial court overruled the motion stating:

"Well, I think that this case was set on January 3 when we opened the Term of Court for the 7th day of February; and I think we should go ahead and proceed with trial. There is no real suggestion that any delay would actually produce any certain witnesses or any [suggestion], the defendant would be any better prepared at a later date than he is at the moment."

We are forced to agree with the trial court. The facts speak for themselves and need no elaboration. No attempt has been made by the appellant to show that he was prejudiced by the denial of the continuance. Under the circumstances we find no basis for concluding that the trial court abused its discretion.

The appellant further contends that the evidence was insufficient to support the verdict. He suggests that no one observed the appellant at the scene of the theft and calls our attention to the rule that for circumstantial evidence to support a conviction it must be incompatible with any reasonable hypothesis except guilt. It is the function of the jury, not of this court on review, to weigh the evidence and pass upon the credibility of the witnesses. When considering the sufficiency of circumstantial evidence to sustain conviction of a crime, the question before this court on appeal is

not whether the evidence is incompatible with any reasonable hypothesis except guilt because that was a question for the jury and the trial court. The function of this court is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Mitchell*, 181 Kan. 193, 310 P. 2d 1063; *Smith v. Crouse*, 192 Kan. 171, 386 P. 2d 295; *State v. Ledbetter*, 183 Kan. 302, 327 P. 2d 1039.)

We will review but a limited part of the evidence.

The defendant was the owner of a red Ford truck for which a license had been obtained in both Missouri and Kansas under the name of Oliver Nicolay. The tires of the truck were identified as the same make as those leaving tracks in the pasture where the heifers were stolen.

The gate post leading into the pasture had been struck leaving red paint and a scrape mark. The right narrow running board of appellant's red truck was found to be mashed and bent. Seven of the stolen heifers were sold at the Mound Grove Livestock Auction, Mound Grove, Missouri, at which time the appellant claimed ownership but gave his name as Bob Meyer. A check was issued to Bob Meyer in the amount of $1,037.26. On the same day, November 17, 1966, the appellant deposited the check in the Topeka State Bank under the name of Bob Meyer.

The other six heifers were sold by the appellant on November 28, 1966, at the Licking, Missouri livestock auction and a check made payable to him in the amount of $913.52. The thirteen heifers were later identified by the owner and returned to him. The appellant was definitely identified as the participating party in all of the above transactions.

It would serve no useful purpose to review the evidence in more detail. We must conclude that there was sufficient substantial evidence to support the verdict. (*State v. Gregory*, 191 Kan. 687, 383 P. 2d 965; *State v. Shaw*, 195 Kan. 677, 408 P. 2d 650; *State v. Walker*, 198 Kan. 14, 422 P. 2d 565.)

The judgment is affirmed.

APPROVED BY THE COURT.