## WILLIS v. HUNTER.

### No. 3562.

Circuit Court of Appeals, Tenth Circuit.
Nov. 17, 1947.

Arthur J. Mellott, Judge.

Richard Clarence Willis, pro se.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus.

On September 10, 1946, an indictment was returned in the District Court of the United States for the District of Colorado charging that Willis,[1] on July 6, 1946, "while in lawful custody by virtue of an arrest on a charge of felony, did attempt to escape from said custody." On October 16, 1946, petitioner appeared in person and by his counsel, Charles J. Moynihan, Esq., and entered a plea of guilty to the charge in the indictment. On May 19, 1946, petitioner was arrested by an agent of the Federal Bureau of Investigation on a charge of violating 18 U.S.C.A. § 408, and was taken before a United States Commissioner at Montrose, Colorado. The Commissioner issued a mittimus committing him to the Montrose County Jail. Petitioner was transferred to the County Jail of El Paso County, Colorado, at Colorado Springs, Colorado. While so confined, he attempted to escape.

On May 7, 1947, petitioner filed an application for a writ of habeas corpus. As

---

[1] Hereinafter referred to as petitioner.

ground for discharge, he alleged that at the time he attempted to escape he had neither been bound over by a United States Commissioner nor indicted by a grand jury on a charge of felony and, therefore, was not being held on a charge of felony at the time he attempted to escape.

18 U.S.C.A. § 753h, in part, provides: "Any person * * * who is in custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or who is in custody of an officer of the United States pursuant to lawful arrest, who escapes or attempts to escape from such custody * * * shall be guilty of an offense. If the custody or confinement is by virtue of an arrest on a charge of felony, * * * the offense of escaping or attempting to escape therefrom shall constitute a felony and any person convicted thereof shall be punished by imprisonment for not more than five years or by a fine of not more than $5,000, or both; * * *."

The evidence established that petitioner had been arrested and had been committed by the United States Commissioner on a charge of violating 18 U.S.C.A. § 408. The offense defined in § 408, supra, is a felony. Moreover, the indictment charged that petitioner attempted to escape "while in lawful custody by virtue of an arrest on a charge of felony," and his plea of guilty admitted the facts charged in the indictment.[2]

It follows that petitioner was not entitled to discharge on habeas corpus.

Affirmed.

[2] Lindsay v. United States, 10 Cir., 134 F.2d 960, 962; Norris v. Hudspeth, 10 Cir., 114 F.2d 1007, 1009; Spencer v. Hunter, 10 Cir., 139 F.2d 828, 829.