**WILLIS v. HUNTER.**

No. 3600.

Circuit Court of Appeals, Tenth Circuit.

March 10, 1948.

Rehearing Denied April 5, 1948.

John J. Gibbons, of Denver Colo., for appellant.

Eugene Davis, of Topeka, Kan. (Randolph Carpenter, of Topeka, Kan., U. S. Atty., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this habeas corpus proceedings petitioner seeks release from a three year sentence imposed in the United States District Court of Colorado for attempted escape, in violation of 46 Stat. 327, as amended 49 Stat. 513, 18 U.S.C.A. § 753h. See also Willis v. Hunter, 10 Cir., 164 F. 2d 694. The sole question presented by the petition for the writ is whether petitioner was deprived of his constitutional right to the effective assistance of counsel at every stage of the proceedings, resulting in his sentence on a plea of guilty?

In denying the writ, the trial court found from the record evidence that on October 16, 1946, petitioner appeared in open court with Charles J. Moynihan, counsel of his "own choosing and employment", and en-

tered a plea of guilty to the charge against him; that upon request of counsel, imposition of sentence was deferred until October 23 to permit counsel to submit data in mitigation of punishment; that when asked by the court if he would be present on the sentencing date, counsel replied that he would not, but would "submit written notes"; that he was advised to send the "notes" to the Probation Officer for submission to the court; that on the 23rd of October petitioner appeared before the court for sentence pursuant to the previous order; that counsel, though not present, had submitted to the Probation Officer for delivery to the court, a lengthy memorandum epitomizing the past life and background of the petitioner, which had been briefed from his own handwritten statement; that "the statement of counsel was submitted to the court for the purpose of aiding it while passing sentence upon the defendant," and petitioner was therefore accorded the effective assistance of counsel when sentence was imposed. The court was moreover of the opinion that petitioner being represented by employed counsel, and the cause being continued at his request to enable him to furnish written data and argument to the court on the matter of sentence, and it being understood that counsel would not be present when sentence was imposed, petitioner waived any right to have counsel physically present at that time.

On hearing, petitioner was permitted to testify, in contravention of the record evidence, that he entered his plea of guilty before the sentencing court on September 12, 1946, at which time the court was informed by the Probation Officer that petitioner was represented by counsel who was not present; that on October 16, he again appeared before the court represented by counsel, and stood silent while his attorney asked that sentence be deferred until he could prepare a statement of the petitioner's background for the court's consideration; that when he appeared for sentence on October 23 his attorney was not present; that he did not know of his right to have counsel present and the court did not so advise him.

The trial court's findings on the record evidence is, of course, conclusively controlling here, and the narrow question then is, whether petitioner was entitled as of right to have counsel present when sentence was imposed on October 23, and if so, did he competently and intelligently waive that right?

In considering the question whether a petitioner has been accorded his constitutional right to the effective assistance of counsel at every stage in the proceedings against him, we have never found it necessary to decide precisely whether absence of counsel when sentence is imposed in and of itself amounted to a denial of that constitutional guaranty. We have stated, however, that "an accused should have an opportunity to be heard by counsel on the sentence to be imposed and that a court should not impose sentence in the absence of counsel without expressly ascertaining that a defendant does not desire his presence. * * *" This for the reason that "many considerations influence the length of a sentence which is to be imposed, and a defendant should have the opportunity to have his attorney present any mitigating circumstances to the court for its consideration in determining the weight of the sentence." Batson v. United States, 10 Cir., 137 F.2d 288, 289. See also Thomas v. Hunter, 10 Cir., 153 F.2d 834. Cf. Kent v. Sanford, 5 Cir., 121 F.2d 216.

The constitutional mandate is not satisfied by legalistic formality. von Moltke v. Gillies, 68 S.Ct. 316. An accused may be denied effective assistance of counsel, although counsel be present at every stage in the proceedings. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. Conversely, he may actually have the benefit of counsel, although he is absent at some stage of the proceedings. Canizio v. New York, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545. See also Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216; Amrine v. Tines, 10 Cir., 131 F.2d 827. Since the right to counsel is a matter of substance not form, it is the solemn duty of the trial judge to make sure that representation is

not an empty gesture, but is the fulfullment of the spirit and purpose of the constitutional mandate. See von Moltke v. Gillies, supra; Glasser v. United States, supra; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

We think that the right to the effective assistance of counsel contemplates the guiding hand of an able and responsible lawyer, devoted solely to the interest of his client; who has ample opportunity to acquaint himself with the law and facts of the case, and is afforded an opportunity to present them to a court or jury in their most favorable light. If the accused does not have the assistance of counsel when entering a plea or when sentence is imposed, it must be manifestly clear to the court that he has competent and intelligently waived such right. Indeed, there are situations when justice cannot be administered unless one charged with a crime is represented by capable and responsible counsel. See Carter v. Illinois, supra.

Here the petitioner was represented by counsel of his own choice, who when the guilty plea was entered asked leave to reduce the argument in behalf of his client to writing and submit it to the court in order that he might have it when he came to consider punishment. When the court inquired whether he expected to be present when sentence was imposed, he stated in the presence of his client that he would not, but would submit his written notes for the court's consideration. When the court came to pass judgment, he had before him the lawyer's brief in his client's behalf, and referred to it in the determination of punishment. Certainly, it cannot be said that the logic of a written argument to the court is not as effective as court room oratory. Furthermore, after imposition of sentence petitioner wrote to the sentencing court expressing the view that "In such a case as was my own, I am sure his honor was as merciful as could be expected and I am grateful for the undue kindness shown me under the then trying circumstances."

While we should scrutinize very closely any sentence imposed upon an accused without the physical presence of counsel, we think the facts in this case deny any imputation that in the constitutional sense petitioner was denied the effective assistance of counsel at every stage in the proceedings.

The judgment is affirmed.