No. 45,547

STATE OF KANSAS, *Appellee*, v. W. D. WEIGAND, *Appellant*.

(466 P. 2d 331)

Opinion filed March 7, 1970.

*Jack W. Shultz*, of Dodge City, argued the cause and was on the brief for appellant.

*David L. Patton*, County Attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, W. D. Weigand, was convicted by a jury of feloniously defrauding a doctor in Dodge City, Kansas, of $5,000 by false pretenses in violation of K. S. A. 21-551. Defendant was sentenced to the penitentiary for a period of not more than five years. This is a direct appeal from that conviction.

The charge arose from the defendant's activities in promoting a marketing corporation to be organized for the purpose of promoting sales of a new and modern product to replace the common tooth brush. The product is a brushless toothpaste in tablet form called "Foam-ettes". The tablet foams in the mouth when it is chewed and releases food particles from the teeth without brushing. After the doctor in Dodge City had examined and used a sample tablet he paid the defendant $5,000 for stock in the proposed corporation.

The corporation was never formed and the doctor received no shares of stock.

On appeal the defendant urges various trial errors including lack of evidence of misrepresentation as to existing facts. In view of our present decision we are concerned in this appeal with but one claim, denial of the effective assistance of counsel. This claim arises by reason of the trial court's order requiring counsel to begin trial on the day counsel was appointed. The appointment of counsel was made pursuant to K. S. A. 62-1304. A resumé of the events bearing upon this claim follows:

Defendant was present at a preliminary hearing on November 15, 1967. His retained counsel, Fred Hall, was present and preliminary hearing was waived. On May 20, 1968, the district court at the request of defendant and his retained counsel continued the trial to the fall term. That term of court began September 23, 1968. The trial was set for September 25 at which time all parties appeared. Mr. Hall asked and was permitted to withdraw from the case because of his health. The court inquired if defendant had another lawyer hired. The defendant advised he did not but he assured the court that he could and would hire counsel. The case was reset for trial October 7 at 10 o'clock a. m. and defendant was advised by the court to have his trial counsel enter his appearance in the case by September 27. No entry of appearance was made and nothing further occurred until the court convened for trial on October 7. The defendant was present without counsel and the following colloquy occurred in open court:

"THE COURT: Do you have any body that is coming to represent you in this matter in any respect?

"THE DEFENDANT: I am going to find one today, and I'll bring them back here at a date specified in person, Your Honor.

"THE COURT: Where are you going to find them?

"THE DEFENDANT: I am going to go to Olathe, Kansas, this afternoon, and I am going to visit with my good friend, John Anderson.

"THE COURT: This case is going to trial today, Mr. Weigand. If you want to call local counsel here and get somebody up here to consult with you in this case, why, that is fine. Do you have anybody locally that you want to consult with?

"THE DEFENDANT: I don't know any one that will, but I'll get in the telephone directory and find someone, if it pleases the Court.

"THE COURT: You are wasting a lot of the jurors' time, but I'll give you until 1:15. The case goes to trial at 1:15. That is going a little further than I intended to when we opened court this morning, seeing that you hadn't contacted the court with reference to the fact you didn't have counsel, when

you assured me that you would have counsel make an appearance in this case a week ago last Friday, and you make no contact with the court until just a few moments before 10:00 this morning and then to tell the court that you were in traffic court downstairs."

At 1:15 p. m. court convened and the colloquy continued as follows:

"THE COURT: The State is present by the county attorney and the defendant, W. D. Weigand, is present in court personally.

"Have you secured counsel to represent you?"

"MR. WEIGAND: Your Honor, I searched in the short time I had. I do not have the funds immediately available to hire an attorney. I talked with Mr. Don Shultz, and I do not have the fee immediately. So the only alternative I have is to ask the court to appoint counsel at this time.

"THE COURT: Mr. County Attorney, would you call Mr. Jack Shultz to come up here.

"We'll take a short recess."

A ten minute recess was taken and attorney Jack Shultz was summoned and appointed to represent the defendant.

On being appointed defense counsel requested a continuance and stated his reasons as follows:

"MR. SHULTZ: May it please the court, I cannot as court appointed counsel for this accused possibly be prepared to try this matter and to fully represent him, as I would have the duty to do, either today beginning with the impaneling of the jury or tomorrow morning.

"The court well knows K. S. A. 62-1304 relating to court appointed counsel required that counsel appointed to represent accused in a criminal matter, a felony matter such as this, must fully and fairly represent that accused. I feel that being hurried into this matter at this time, knowing no more than I do about even the charge, knowing no more than I do about the State's evidence, knowing no more than I do about the defendant's evidence in his own behalf, it would certainly be making it impossible for me to comply with the provisions of that statute.

"I would, therefore, move at this time that the defendant be granted a continuance for a period of at least two weeks in order that I might become fully apprised of the charge and the evidence available, in order that I might fully comply with this statute and fully and fairly represent this defendant. I just cannot possibly after briefly talking with this man and just getting a brief look at what I am going to have to do to properly prepare this matter, cannot possibly have it done by tomorrow.

"I don't know what previous problems have gone on in relation to counsel to represent Mr. Weigand and of course at this point that is not my concern. My concern is that he be fully and fairly and properly represented, and to require me to attempt to do that on an overnight preparation basis is just an impossibility. I think it will require a minimum of two weeks to prepare this matter properly.

"At this point, Your Honor, I might add of course the defendant is constitutionally entitled to compel the presence for testimony of witnesses in his own behalf. At this point I have not even had a shadow of the time I need to discuss with him who these witnesses might be and where they might be found and fully prepare in that regard, and of course he is entitled to that, and I think it is going to require some time, and I ask for that time. I do this realizing the inconvenience to the court and to these persons we have drawn as jurors, but I feel the constitutional rights of this man weigh a little heavier than that."

The court responded:

"The court is well aware of the spot that counsel is in. The court is also aware of the fact that this case has been set down for some time and continued better than two weeks ago to this date, and nothing was done to apprise the court that this situation would arise until this morning, and I think the defendant has had all the consideration he is entitled to from the court, and I am going to direct that the jury be selected this afternoon and the case go to trial tomorrow morning at 11:00 o'clock.

"I am going to direct the county attorney in the meantime to make available to you his witnesses for consultation."

Thereafter the defendant was arraigned a second time and entered a plea of not guilty. Counsel were then directed to select a jury to try the case. After *voir dire* examination the jurors were sworn. The trial proceedings were then adjourned to the following morning, October 8.

When court convened on October 8 counsel for the defendant renewed his motion for a continuance on the grounds previously urged. He requested permission to further examine the jurors in light of information he had acquired. He requested an order requiring the prosecution to make its papers and files available to him. The court denied the request to re-examine the jurors but continued the trial to the following morning in order to enable the defense to subpoena witnesses and to examine documents in the prosecutor's file.

The following morning when court convened the trial resumed and the state presented its evidence. The defendant presented his evidence in the morning of October 10. The jury reached its verdict on the first ballot without discussing the evidence presented to it. The evidence for the defense was limited to defendant's testimony and the testimony of two business associates, one from Emporia, Kansas, and the other from Belpre, Kansas. Although no showing was made in the record that defendant was unable to

secure additional witnesses he asserted a claim in his motion for new trial that his constitutional right to compel the attendance of witnesses was impaired.

Counsel for defense filed and strenuously argued the motion for new trial asserting that defendant was denied effective assistance of counsel as guaranteed to him by the Sixth and Fourteenth Amendments to the Constitution of the United States and by Section 10 of the Bill of Rights of the Constitution of the State of Kansas. He asserted that he was required to select a jury to try the case within ten minutes after being appointed and without an opportunity to examine and discuss the state's witnesses and the prospective jurors with the defendant. He further insisted the defendant's right to have compulsory process to compel attendance of witnesses in his behalf was impaired.

The granting of a continuance in a criminal prosecution is largely within the discretion of the trial court and its ruling in the matter will not be disturbed unless it affirmatively appears that such discretion has been abused to the extent that a defendant's substantial rights have been prejudiced. (*State v. Dickson,* 198 Kan. 219, Syl. ¶ 1, 424 P. 2d 274.)

Certain responsibilities are placed upon defense counsel when they undertake the defense of a person charged with crime. K. S. A. 62-1304 in pertinent part provides:

". . . Counsel employed by or appointed for the accused shall have free access to him at reasonable hours for the purpose of conferring with him relative to the charge against him and advising him respecting his plea, and for the preparation of his defense, if a defense is to be made. It is the duty of an attorney appointed by the court to represent a defendant, without charge to defendant, to inform him fully of the offense charged against him and of the penalty therefor, confer with available witnesses, cause subpoenas to be issued for witnesses necessary or proper for defendant, and in all respects to fully and fairly represent him in the action. . . ."

The right of one charged with crime to be represented by counsel includes a fair opportunity to secure counsel of his own choice under the above statute. There can be no doubt that defendant was afforded ample opportunity to secure counsel of his own choice after his previously retained counsel withdrew. The lack of co-operation by the defendant and his retained counsel in preparing for trial is apparent in this record. Delay in the enforcement of our criminal law should not be permitted or condoned. The prompt disposition of criminal cases is to be commended and encouraged.

However, the irresponsibility of a defendant and the failure of his retained counsel to prepare for trial cannot justify stripping counsel appointed by the court of sufficient time to acquaint himself with the crime charged. The right to counsel is a matter of substance not form and representation must fulfill the spirit and purpose of the constitutional mandate. (*State v. Oldham,* 178 Kan. 337, 285 P. 2d 775.)

In *State v. Young,* 196 Kan. 63, 410 P. 2d 256, this court said:

"The duty of the trial court to appoint counsel imposed by K. S. A. 62-1304 is not discharged by an assignment of counsel at such time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." (Syl. ¶ 3.)

The right to effective assistance of counsel in the preparation and trial of the case is recognized in all jurisdictions. It includes sufficient time to advise with counsel and prepare a defense. (*Powell v. Alabama,* 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527.) Counsel should have opportunity to acquaint himself with the facts of the case and the law. He should be afforded an opportunity to present the facts to the jury in their most favorable light. (*Willis v. Hunter,* 166 F. 2d 721.) Effective assistance of counsel has been defined and the minimum requirements have been applied by our court as recently as *Ray v. State,* 202 Kan. 144, 446 P. 2d 762.

The brevity of time between assignment of counsel and the trial bears directly upon the question of whether the accused is denied the right to effective assistance of counsel. Cases on this question from other jurisdictions have been collected and appear in the annotation in 84 A. L. R. 544.

A trial court should be aware of the propensities of the accused to procrastinate in the hiring of counsel. The court can and should protect itself against the irresponsibility of the defendant. After a reasonable time has been granted to the accused to procure counsel of his own choosing, as was done in this case, the accused should be ordered to appear on a day certain with counsel. If the accused has not obtained counsel on that day counsel should then be appointed to represent him and the trial date should be set with sufficient time to permit counsel to advise with the accused, prepare a defense, subpoena witnesses and acquaint himself with the facts and the law. What time is reasonable will depend upon the circumstances of each case and should be determined by the trial court in its discretion.

In the present case the defendant and his retained counsel had from November 15, 1967, to September 25, 1968, to prepare for trial but did not do so. When counsel was appointed for defendant he was required to undertake the selection of a jury within a few minutes after his appointment. He had no opportunity to acquaint himself with either the facts or the law. The accused was not a resident of that community. The doctor and others who would testify against him were citizens of the community from which the jurors were selected. The selection of a fair and impartial jury was a matter of grave importance. In the ten or fifteen minutes allotted to defense counsel before trial he could do little to prepare for the selection of the jury except to confer with the accused as to the nature of the charges. The defendant's activities had touched others in the community. The cross current of community activities gives rise to bias and prejudice against an outsider. Under these circumstances it is difficult for counsel to be effective in the selection of a fair and impartial jury without some preparation in advance. The jury selected returned a verdict of guilty on the first ballot and without any preliminary discussion of the evidence.

The trial court after selection of the jurors and upon defense counsel's insistence continued the trial for one day in order to give counsel time to talk to witnesses and to examine the papers to be used by the state at the trial. This time for preparation was afforded during the trial and could not compensate for stripping counsel of time to prepare for the selection of a fair and impartial jury.

A prompt and vigorous administration of the criminal law is commendable and we have no desire to clog the wheels of justice. What we here decide is that to force a defendant to trial ten or fifteen minutes after appointed counsel is precipitated into a serious felony case denies the accused effective assistance of counsel and violates fundamental principles of due process of law.

This conclusion is not intended to indicate that evidence of guilt was inconclusive. No matter how guilty a defendant may be, or how strong and overpowering the evidence may be against him, he is entitled to a fair and impartial trial with the effective assistance of counsel. (*State v. Taylor*, 198 Kan. 290, 298, 424 P. 2d 612.)

For the reasons set forth in this opinion the judgment of the trial court is reversed and this case is remanded with directions to grant the defendant a new trial.