No. 47,844

STATE OF KANSAS, *Appellee*, v. HARRY BENTLEY, *Appellant*.

(545 P. 2d 183)

Opinion filed January 24, 1976.

*Charles E. Worden,* of Topeka, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Gene M. Olander,* district attorney, and *Thomas D. Haney, Jr.,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* The defendant, Harry Bentley, was convicted on one count of theft over $50, a felony, and one count of theft under $50, a misdemeanor. He has appealed.

Testimony introduced by the state disclosed that on November 10, 1973, a Topeka police officer, William Dickerson, observed Bentley leave his car and go into the Fairlawn shopping mall, accompanied by a woman companion, and carrying a large blue-wrapped box (which turned out to have a trick end). Shortly thereafter Bentley returned and got into the back seat of his car where he opened the end of the box and took out a leather coat, which he placed in a sack and locked in the trunk. Bentley then drove to McDonalds, again carrying the blue box. Officer Dickerson followed him into the store, while a second officer watched the car. Dickerson saw Bentley remove a coat from a hanger and put it in the box. When Bentley returned to the car carrying the box he was placed under arrest. On being asked for the trunk key, Bentley said he didn't have one. Officer Dickerson then took the key from Bentley's sweater pocket, in which he had seen Bentley put it. Thereupon the officer opened the trunk, retrieved the sack and removed the leather coat therefrom.

At his arraignment the defendant, who was accompanied by appointed counsel, personally waived jury trial after his rights were explained. On the morning of trial, however, he complained of conflict between himself and counsel and sought a continuance to obtain other counsel. His request was denied and trial proceeded to the court that same afternoon, after a twenty-five minute delay caused by Bentley's failure to show up on time.

Defendant argues the court abused its discretion in refusing the continuance. We believe this complaint is unfounded. It is the

rule that the granting or denial of a continuance in criminal cases lies within the sound discretion of the trial court, whose ruling will not be disturbed absent a showing of abuse of discretion prejudicing the defendant's substantial rights. (*Johnson v. State*, 203 Kan. 947, 951, 457 P. 2d 181; *State v. Patterson*, 200 Kan. 176, 434 P. 2d 808.) The defendant here has not even attempted to make such a showing. He was represented throughout the proceedings by counsel of good repute, who was known to the court which appointed him as "professionally competent to handle trial of this case." The record contains nothing to suggest otherwise.

Although an accused must be provided fair opportunity to obtain counsel of his choice, his right cannot be manipulated to impede the efficient administration of justice. (*United States Ex Rel. Baskerville v. Deegan*, 428 F. 2d 714.) In *United States v. Llanes*, 374 F. 2d 712, 717, the court said:

". . . Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay. . . ."

In responding to Bentley's last hour attempt to gain a continuance, the trial judge observed that in her opinion it was a delaying tactic. We would be hard put to disagree. The defendant was vague and imprecise concerning the conflict and its nature. By his own statement the "problem" had been on his mind a month, yet his counsel said Bentley had never told him about it.

Bentley had shown a propensity for delay by twice forfeiting bonds to appear at a preliminary hearing. The trial court knew that a last minute continuance would result in further substantial delay in getting the case to trial.

Defendant next alleges that counsel was ineffective. The point is not briefed, which is probably just as well, since the record wholly fails to support this contention.

Finally, Mr. Bentley contends the court erred in admitting into evidence the leather coat found in the trunk of the car. He argues the coat was inadmissible as being the fruit of an illegal search. The point has no merit. Not only was a search of the trunk permissible as incidental to a lawful arrest (*State v. Wood*, 190 Kan. 778, 378 P. 2d 536), it was fully justified as having been made upon probable cause. (*State v. Undorf*, 210 Kan. 1, 499 P. 2d 1105.) The officers had sound reason to believe the trunk contained stolen property.

The judgment of the trial court is affirmed.