(602 P.2d 553)
No. 50,867

STATE OF KANSAS, *Appellee,* v. CARL E. MILLER, *Appellant.*

Petition for review denied January 29, 1980.

Opinion filed November 16, 1979.

*Clark V. Owens II,* of Wichita, for the appellant.

*Geary N. Gorup,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: The defendant appeals from a verdict of the district court of Butler County finding him guilty of one count of driving while under the influence of intoxicating liquors and/or drugs as defined by K.S.A. 1978 Supp. 8-1567; one count of transporting an open container as defined by K.S.A. 41-804; and

one count of operating a motor vehicle in violation of a restricted driver's license as defined by K.S.A. 8-245(*d*). Defendant also appeals from an additional conviction in a consolidated case of one count of operating a motor vehicle in violation of a restricted driver's license as defined by K.S.A. 8-245(*d*).

Defendant alleges the trial court erred by failing to grant defendant's motion for a continuance in order to obtain legal counsel made on the date of his trial, thereby forcing defendant to proceed to trial without an attorney.

On October 5, 1978, the defendant was ticketed in case No. 78-CR-579 for driving a motor vehicle while under the influence of intoxicating liquors or drugs, transporting an open container of alcohol in the motor vehicle, driving a motor vehicle while his operator's license had been suspended, and resisting an officer in the discharge of his official duty. This latter offense was subsequently dropped. On October 6 he appeared for arraignment in the district court of Butler County. During the arraignment the defendant was not represented by counsel. The court informed the defendant that if he qualified, counsel would be appointed for him. The defendant at first stated that he did not want an attorney appointed for him. However, he did request that the court appoint a Mr. White to represent him. The court declined to honor this request but asked the defendant to complete the necessary indigency papers, which defendant did. The defendant's affidavit of indigency showed that he possessed a $17,750 automobile which was heavily mortgaged, a $950 bank account and an income of $450 (presumably per month, although the record is not clear on this point). Therefore, the court refused to appoint counsel for him on the ground that his income was too high. At the arraignment the defendant pleaded not guilty to the charges against him.

On November 6, 1978, the trial was continued to December 8, at 9:00 a.m. The record does not reflect the reason for this continuance.

Prior to the scheduled trial date, however, the defendant was arraigned on November 29, 1978, for a new charge in case No. 78-CR-674 arising out of a separate incident. At his arraignment the defendant appeared without an attorney and pleaded not guilty to one count of driving a motor vehicle in violation of a restricted driver's license, contrary to K.S.A. 8-245(*d*). At that time

the defendant notified the trial court that John White was his attorney in his other case, but White had not yet entered his appearance. The court consolidated case No. 78-CR-674 with 78-CR-579 and notified defendant that trial was set for December 8. Defendant stated that he did not believe his attorney could appear on that date.

In a letter dated December 1, 1978, attorney White notified the trial court that he was representing the defendant and included a motion for a continuance stating that he would be unable to appear on December 8 because he was involved in a jury trial in another county. The court granted a continuance and trial was rescheduled for January 18, 1979. Before the case went to trial, the deposition of Sheriff David Williams, one of the State's main witnesses, was taken because this witness would be at the FBI Training Academy in Washington, D.C., during the trial. Both the prosecuting attorney and defendant's counsel, John White, were present and examined the witness.

On January 18, 1979, the defendant and John White appeared before the court. The defendant sought another continuance on the ground that medical problems required immediate attention. He further explained that he and White had had a disagreement and White did not think he could continue to represent defendant. Therefore, defendant had discharged White and had attempted to hire another attorney. However, as the disagreement had occurred only two days before the trial, the new attorney secured by the defendant was not able to appear on January 18. The trial judge verified that an attorney had contacted him by telephone the previous day providing substantially the same information. The court then stated:

"Carl, you know, now we're back to the same problem. We're—We're set for trial today and I've talked to you several times and I told you that regardless of what happened we were going to go to trial. Are you prepared today? I see you've got some people with you. Are those your witnesses?"

The court also informed defendant that he had told defendant's new attorney that the case was getting quite old and it would be heard on the 18th whether or not a new attorney could appear. The defendant, of course, objected to the proceedings.

The court then instructed the defendant as to the procedures that would be followed for trying the case, and defendant told the judge that he understood them. The prosecution presented its

evidence, including the deposition of Sheriff Williams. The defendant cross-examined four of the witnesses and presented two witnesses of his own. Both parties agree that the substance of the evidence is irrelevant to the question on appeal. The trial court found the defendant guilty of the remaining charges in both cases and scheduled the matters for sentencing.

In case No. 78-CR-579, the defendant was fined $500 and sentenced to one year in the Butler County jail for driving while under the influence. In addition, he was fined $50 and sentenced to thirty days in the Butler County jail for transporting an open container and fined $100 and sentenced to thirty days in the Butler County jail for driving in violation of a restricted license. The latter two sentences were to run concurrently. In case No. 78-CR-674, defendant was sentenced to thirty days in the Butler County jail for driving in violation of a restricted driver's license. The sentence was to run concurrently with the sentences imposed in No. 78-CR-579. Sentences were imposed on February 1, 1979, and the amended journal entry embodying the judgment and the sentencing was filed on February 26, 1979. The defendant's notice of appeal was filed on January 26, 1979.

The precise issue for determination is whether the trial court erred by refusing to grant defendant's request for a continuance made on the regularly scheduled trial date after learning that defendant's new attorney could not be available for trial at that time. Implicit in this question is the extent of the defendant's Sixth Amendment right to counsel.

A continuance may be granted to either party for good cause. K.S.A. 22-3401; *State v. Holt,* 221 Kan. 696, 561 P.2d 435 (1977). The trial court must exercise its sound discretion in deciding whether to grant or deny a continuance in a criminal proceeding. *State v. Williams,* 226 Kan. 82, 595 P.2d 1104 (1979); *State v. Watie, Heard and Heard,* 223 Kan. 337, 574 P.2d 1368 (1978); *State v. Holt,* 221 Kan. 696. Absent a showing of abuse of discretion which has prejudiced substantial rights of the defendant, the ruling will not be disturbed on appeal. *State v. Nelson,* 223 Kan. 251, 573 P.2d 602 (1977); *State v. Hemminger,* 203 Kan. 868, 870, 457 P.2d 141 (1969), *cert. denied* 396 U.S. 1045 (1970). See *State v. Bentley,* 218 Kan. 694, 695, 545 P.2d 183 (1976).

When a defendant's Sixth Amendment right to effective assistance of counsel is involved, careful scrutiny must be afforded the

trial court's action. In *Ungar v. Sarafite,* 376 U.S. 575, 11 L.Ed.2d 921, 84 S.Ct. 841, *rehearing denied* 377 U.S. 925 (1964), a lawyer cited for contempt was denied a continuance when his request was made on the date of the contempt hearing. He had argued that his counsel was unfamiliar with the case as he had been contacted only a few days before and had been trying another case. The Supreme Court affirmed the denial of a continuance in light of all the circumstances, noting that Ungar had been given sufficient notice to hire counsel, the evidence was fresh, the issues were limited, the motion for continuance was not made until the day of the hearing, and that Ungar as a lawyer was familiar with the court's practice of denying continuances.

The court summarized the legal principles supporting its decision:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v. Alabama,* 308 U.S. 444. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag,* 348 U.S. 3. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Nilva v. United States,* 352 U.S. 385 [other cites omitted]." 376 U.S. at 589.

Neither party disputes that the accused's right to effective assistance of counsel in criminal proceedings under the Sixth Amendment is obligatory upon the states through the Fourteenth Amendment, *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792 (1963); that such right is applicable in every criminal proceeding where an indigent accused may be deprived of his liberty, *Scott v. Illinois,* 440 U.S. 367, 59 L.Ed.2d 383, 99 S.Ct. 1158 (1979); and finally, that a defendant must constitutionally be allowed to exercise this right by conducting his own defense, without the assistance of counsel, whenever he voluntarily and intelligently elects to do so, *Faretta v. California,* 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975). However, the defendant has failed to consider that the rules pronounced in these cases which involve indigent defendants might not be squarely applicable in this case where the defendant was not represented by *appointed* counsel because he was not found indigent. In any

event, defendant was still entitled to "a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth." *Chandler v. Fretag,* 348 U.S. 3, 10, 99 L.Ed. 4, 75 S.Ct. 1 (1954). Without question defendant did not, as the State alleges, knowingly and intelligently waive his right to counsel in order to represent himself as he specifically objected to the trial court's decision to conduct the trial with the defendant acting pro se.

Did the trial court's refusal to grant the continuance arbitrarily and unreasonably deny the defendant effective assistance of counsel?

There are no Kansas cases strictly on point. However, a brief review of several cases involving continuances requested due to some problem with counsel is instructive. In *State v. Dickson,* 198 Kan. 219, 424 P.2d 274 (1967), the Supreme Court held that the trial court did not err in refusing to grant a continuance because there was no showing that any substantial rights of the defendant had been prejudiced by the denial. Two days before trial, defendant's *appointed* counsel was notified that he had been fired and that the defendant had retained new counsel. The day before trial all parties appeared in court and the trial court refused the continuance, noting that a jury had been called and witnesses subpoenaed. Appointed counsel tried the case with the hired counsel assisting.

On the morning of the trial, the defendant in *State v. Bentley,* 218 Kan. 694, 545 P.2d 183 (1976), sought a continuance to obtain other counsel, stating there was a conflict between him and *appointed* counsel. The Supreme Court found no abuse of discretion in denial of the continuance. There, however, appointed counsel did represent the defendant at trial and there was no showing that he did not adequately represent defendant. Further, there was evidence that defendant had exhibited a propensity for delay.

The cases cited immediately above involved appointed counsel, unlike the instant case. Further, neither of the defendants was forced to proceed to trial pro se. Yet, *Ungar v. Sarafite,* 376 U.S. 575, certainly does not require a continuance in all cases simply because a defendant might not otherwise be represented by counsel. Although the State in its brief urges that the defendant invited error through his dilatory tactics, his conduct does not

appear to rise to the level of that described in *State v. Henderson,* 205 Kan. 231, 468 P.2d 136 (1970), cited by the State.

In *State v. Henderson,* appointed counsel sought to withdraw from a case three days before the trial date due to a serious ethical conflict. That request and another one made on the morning of the trial were denied. Appointed counsel proceeded to try the case to the best of his ability. The Supreme Court found that defendant had not been denied effective assistance of counsel and that the defendant himself precipitated the situation because he refused to request that another attorney be appointed for him because he wanted to establish prejudicial error for appeal purposes. "One who by his own acts invites error is in no position to complain or take advantage of it on appeal. (*State v. Cantrell,* 201 Kan. 182, 440 P.2d 580, *cert. denied* 393 U.S. 944, 21 L.Ed.2d 282, 89 S.Ct. 315)." 205 Kan. at 238. Therefore, the trial court did not abuse its discretion by refusing to allow appointed counsel to withdraw.

A fourth Kansas case also involves *appointed* counsel, but is helpful. The defendant in *State v. Weigand,* 204 Kan. 666, 466 P.2d 331 (1970), originally retained his own attorney who represented him for approximately eleven months through all stages of the proceedings to trial. Two weeks before trial, retained counsel was permitted to withdraw for health reasons. Despite defendant's assurances to the court that he would have new counsel by the trial date, defendant appeared without counsel. Counsel was then appointed, was denied a continuance, and was directed to begin jury selection. Several later requests for continuances were denied. On appeal the Supreme Court found that the trial court had erred by refusing to grant a continuance, and as a result denied the defendant's right to effective assistance of counsel and violated due process. In reaching its decision, the court stated:

"The right of one charged with crime to be represented by counsel includes a fair opportunity to secure counsel of his own choice. . . . The lack of cooperation by the defendant and his retained counsel in preparing for trial is apparent in this record. Delay in the enforcement of our criminal law should not be permitted or condoned. The prompt disposition of criminal cases is to be commended and encouraged.

"However, the irresponsibility of a defendant and the failure of his retained counsel to prepare for trial cannot justify stripping counsel appointed by the court of sufficient time to acquaint himself with the crime charged. The right to counsel is a matter of substance not form and representation must fulfill the spirit and purpose of the constitutional mandate. (*State v. Oldham,* 178 Kan. 337, 285 P.2d 775.)

. . . .

"The right to effective assistance of counsel in the preparation and trial of the case is recognized in all jurisdictions. It includes sufficient time to advise with counsel and prepare a defense. (*Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.) Counsel should have opportunity to acquaint himself with the facts of the case and the law. He should be afforded an opportunity to present the facts to the jury in their most favorable light. (*Willis v. Hunter,* 166 F.2d 721.)   . . .

. . . .

"A trial court should be aware of the propensities of the accused to procrastinate in the hiring of counsel. The court can and should protect itself against the irresponsibility of the defendant. After a reasonable time has been granted to the accused to procure counsel of his own choosing, as was done in this case, the accused should be ordered to appear on a day certain with counsel. If the accused has not obtained counsel on that day counsel should then be appointed to represent him and the trial date should be set with sufficient time to permit counsel to advise with the accused, prepare a defense, subpoena witnesses and acquaint himself with the facts and the law. What time is reasonable will depend upon the circumstances of each case and should be determined by the trial court in its discretion." 204 Kan. at 670-671.

Here, of course, defendant was found not to be financially unable to employ counsel and so the court could not follow the directive of *Weigand.* See K.S.A. 22-4501 *et seq.; State v. Timmons,* 218 Kan. 741, 545 P.2d 358 (1976). Without question, however, the trial court viewed the defendant's conduct as dilatory. The court was also aware that both prosecution and defense witnesses were present, as they had been on the previously scheduled trial date. Further, the sole testimony of one of the key prosecution witnesses to be introduced as evidence at trial had been secured and preserved by deposition. Defendant's former retained counsel, John White, had been aware of the use intended for the deposition and had cross-examined the witness. Finally, defendant himself discharged his retained counsel.

Neither party has presented any pertinent authority where denying a continuance resulted in a defendant appearing pro se. However, numerous cases from other jurisdictions discussing this problem appear in Annot., 73 A.L.R.3d 725. Additionally, in *State v. Page,* 18 Or. App. 109, 523 P.2d 1291 (1974), defendant's retained counsel had one month to prepare for trial, then received a continuance for an additional month. On the second trial date, the defendant appeared without counsel, who had been discharged the day before, and informed the court he was seeking

new counsel. The trial court refused to grant a continuance and proceeded to try the case with defendant acting pro se. The Oregon Court relied upon *Ungar v. Sarafite,* 376 U.S. 575, to uphold the trial court on appeal. The court further noted that while a defendant may hire his own counsel, this right could not interfere with the orderly disposition of criminal cases.

All authorities reviewed above stress the need to view each case according to the totality of circumstances and refuse to recognize one strict, simple rule when continuances are requested to retain new counsel. Consequently, it cannot be said that the trial court in this case abused its discretion by denying the defendant's request for a continuance.

Judgment is affirmed.