(128 P.3d 1004)

No. 93,686

STATE OF KANSAS, *Appellee*, v. VINCENT YOUNG, *Appellant*.

Opinion filed February 24, 2006.

*Bob L. Thomas* and *Megan L. Harrington*, of Thomas & Associates, LLC, of Olathe, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before GREEN, P.J., MCANANY, J., and BRAZIL, S.J.

GREEN, J.: Vincent Young appeals from the trial court's decision revoking his probation and ordering him to serve his underlying sentence. The sole issue on appeal is whether the trial court erred

in deciding not to continue the probation revocation hearing and forcing Young to proceed pro se. K.S.A. 2005 Supp. 22-3716(b) provides defendants with the right to be represented by counsel in probation revocation proceedings. In *State v. Weigand*, 204 Kan. 666, 466 P.2d 331 (1970), our Supreme Court stated that when an accused has not obtained counsel by the day that the accused has been ordered to appear with counsel, counsel should be appointed to represent the accused, and the trial date should be set with adequate time to allow counsel to prepare for the case. Here, the trial court committed reversible error by failing to follow our Supreme Court's holding in *Weigand* when it declined to continue Young's case and forced Young to proceed pro se. Accordingly, we reverse and remand.

Young pled guilty to obstruction of official duty in violation of K.S.A. 21-3808 and was sentenced in January 2004 to 12 months of probation with an underlying prison sentence of 7 months. In April 2004, the State moved for revocation of probation, alleging that Young had violated his probation conditions. The trial court issued a bench warrant for Young's arrest. Young was served with the bench warrant and appeared pro se in court in May 2004. The trial court appointed counsel to represent Young. Young appeared in court with attorney Patrick Lewis in June 2004. A probation revocation hearing was scheduled for July 2004. Although Young's counsel was present at the July 2004 hearing, Young failed to appear and a bench warrant was issued for Young's arrest. Young was served with the bench warrant and appeared pro se before the trial court on August 26, 2004, stating that he was going to hire Tom Bath as his attorney.

Another hearing for Young's probation violation was conducted in September 2, 2004, at which time Young appeared pro se and stated that he was still gathering funds to hire Bath. Young again appeared pro se before the trial court on September 30, 2004, and stated that he was still gathering funds to hire an attorney. The docket notes entered on September 30, 2004, state that Young said he could hire an attorney.

At the probation revocation hearing on October 26, 2004, Young appeared pro se and stated that he had hired Bath to represent

him. Nevertheless, Young indicated that Bath was at a trial in Jefferson City that day and could not be present at the probation revocation hearing. The State opposed any continuance of the probation revocation hearing, asserting that the case had been going on since April 2004, that there had been many different court settings, including one where Young failed to appear, and that it had been well over a month since Young had stated that he was going to hire Bath.

Determining that it would proceed on the State's motion to revoke probation, the trial court stated:

"Mr. Young, you've had too many continuances, and you needed to have an attorney here present today. And if you couldn't get Mr. Bath or somebody from his office, you just had to hire somebody else. We're here on a motion to revoke probation. The State's ready to proceed, and they have witnesses, and we've been here on several occasions, so the Court is going to hear the motion today."

At the probation revocation hearing, the State presented testimony from Young's probation officer, Robert Augustus. Augustus testified that Young had violated the condition of his probation which required him to report to his probation officer and to provide his current residential address to his probation officer. According to Augustus, Young was required to report to him weekly in his office. Nevertheless, Young had only come into Augustus' office three times since February 11, 2004. All three of these visits occurred in June 2004.

Augustus testified that Young had called him in October 2004 and said that he had been in a car accident in which the driver of the car had died. Young told Augustus that he was confined to a wheelchair and was undergoing physical therapy. When Augustus told Young that the driver of the car was on probation, Young denied any knowledge of this fact. Augustus conducted a home visit with Young on October 14, 2004, and instructed Young to report to him by phone on October 18, 2004. Nevertheless, Young failed to do so.

Young neither cross-examined Augustus nor presented any evidence at the October 2004 probation revocation hearing. Finding that Young had violated his probation, the trial court revoked Young's probation and ordered him to serve his sentence.

On appeal, Young contends that the trial court abused its discretion in denying his request for a continuance of the probation revocation hearing and forcing him to proceed pro se without his retained counsel. Generally, the granting or denial of a continuance in a criminal prosecution is within the trial court's discretion. The trial court's ruling on this matter will not be disturbed unless there has been a showing that the trial court abused its discretion and that the defendant's substantial rights have been prejudiced. *State v. Snodgrass*, 252 Kan. 253, 264, 843 P.2d 720 (1992). An abuse of discretion occurs when no reasonable person would take the view of the trial court. *State v. Holmes*, 278 Kan. 603, 620, 102 P.3d 406 (2004).

Young argues that his rights to due process and to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of the Bill of Rights of the Kansas Constitution were violated and that he was substantially prejudiced when he was forced to proceed pro se without his retained counsel. Asserting that the United States Supreme Court has determined that a defendant has the right to counsel in probation revocation proceedings, Young cites to *Mempa v. Rhay*, 389 U.S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254 (1967). Nevertheless, *Mempa* does not stand for the proposition that a defendant must be afforded counsel in *all* probation revocation proceedings.

In *Mempa*, the United States Supreme Court reversed the defendants' revocation of probation and imposition of sentences that occurred in proceedings where the defendants were not represented by counsel and were not offered appointed counsel. In that case, the probation revocation proceedings also operated as deferred sentencing proceedings. The *Mempa* Court recognized that the assistance of counsel was necessary at those proceedings to present the defendants' cases as to sentences and to preserve certain legal rights that may be lost if not exercised at that stage under Washington procedure. Determining that an attorney must be afforded at such proceedings, the United States Supreme Court stated:

"[W]e do not question the authority of the State of Washington to provide for a deferred sentencing procedure coupled with its probation provisions. Indeed, it

appears to be an enlightened step forward. All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing. We assume that counsel appointed for the purpose of the trial or guilty plea would not be unduly burdened by being requested to follow through at the deferred sentencing stage of the proceeding." 389 U.S. at 137.

The United States Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), has indicated there is no constitutional requirement that counsel be provided in all probation revocation cases. Rather, "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system." 411 U.S. at 790. The *Gagnon* Court indicated that in certain cases, fundamental fairness, which is the touchstone of due process, will require that counsel be appointed for indigent probationers or parolees. 411 U.S. at 790.

Nevertheless, Kansas statutory law provides defendants the right to representation by an attorney at a probation violation hearing. See K.S.A. 2005 Supp. 22-3716(b); *State v. Gordon*, 275 Kan. 393, 411, 66 P.3d 903 (2003). K.S.A. 2005 Supp. 22-3716(b), which sets forth the procedure for a probation violation hearing, states that "[t]he defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant." Therefore, Young had a statutory right to counsel at the probation revocation proceedings before the trial court. The question is whether the trial court's decision denying a continuance constituted an abuse of discretion which violated Young's right to counsel in his probation revocation proceedings.

Young cites to *Weigand*, 204 Kan. 666, where our Supreme Court held that Weigand was denied effective assistance of counsel in violation of the fundamental principles of due process when he was forced to go to trial 10 to 15 minutes after counsel was appointed. Weigand had initially hired his own counsel who represented him for approximately 11 months throughout the case but withdrew the day of trial in September 1968 due to health problems. At that time, Weigand told the court that he could and would

hire another attorney. Trial was reset for October 1968, and the trial court told Weigand to have his attorney enter an appearance in the case. Nevertheless, no entry of appearance was made and Weigand appeared without counsel at the October trial setting. The trial court told Weigand that his case was going to proceed to trial that day and gave him until that afternoon to find counsel to represent him. When court was convened that afternoon, Weigand indicated that he did not have the immediate funds necessary to hire an attorney and asked the court to appoint counsel. A 10-minute recess was taken, and the trial court appointed defense counsel to represent Weigand.

Upon being appointed, defense counsel moved for a 2-week continuance of the trial, arguing that he could not fully represent Weigand due to the short time period he had been on the case. Defense counsel pointed out that he needed time to discuss with Weigand his potential witnesses and where they might be found. Stating that the case had been set for some time and that it had already continued the case, the trial court ordered the trial be set for the next day, which was October 8. Thereafter, counsel selected a jury to try the case. On October 8, the trial court continued the trial to the following morning to allow the defense to subpoena witnesses and to examine documents in the prosecutor's file. At the jury trial, Weigand was convicted of feloniously defrauding a doctor by false pretenses. Defense counsel filed a motion for new trial, arguing that Weigand had been denied effective assistance of counsel. Defense counsel asserted that within 10 minutes of being appointed, he was required to select a jury to try the case without having the opportunity to examine and discuss the State's witnesses and the prospective jurors with Weigand.

On appeal, our Supreme Court reversed the trial court's judgment and granted Weigand a new trial, stating:

"A trial court should be aware of the propensities of the accused to procrastinate in the hiring of counsel. The court can and should protect itself against the irresponsibility of the defendant. After a reasonable time has been granted to the accused to procure counsel of his own choosing, as was done in this case, the accused should be ordered to appear on a day certain with counsel. If the accused has not obtained counsel on that day counsel should then be appointed to rep-

resent him and the trial date should be set with sufficient time to permit counsel to advise with the accused, prepare a defense, subpoena witnesses and acquaint himself with the facts and the law. What time is reasonable will depend upon the circumstances of each case and should be determined by the trial court in its discretion." 204 Kan. at 671.

In finding that Weigand had been denied effective assistance of counsel, our Supreme Court indicated that defense counsel had not been given adequate time to select a fair and impartial jury as he had been required to select a jury within a few minutes after being appointed. Noting that a defendant is entitled to effective assistance of counsel no matter how strong the evidence may be against him or her, our Supreme Court further stated: "This conclusion is not intended to indicate that evidence of guilt was inconclusive. No matter how guilty a defendant may be, or how strong and overpowering the evidence may be against him, he is entitled to a fair and impartial trial with the effective assistance of counsel. [Citation omitted.]" 204 Kan. at 672.

Our Supreme Court in *Weigand* determined that if a defendant has not obtained an attorney by the date that he or she has been ordered to appear with counsel, the trial court should appoint counsel to represent the defendant and should set the trial date with sufficient time to allow counsel to prepare for the case. *Weigand* was cited in *State v. Miller*, 4 Kan. App. 2d 68, 75-76, 602 P.2d 553 (1979), where this court found no abuse of discretion in the trial court's decision denying Miller's request for a continuance to obtain a new attorney and forcing him to proceed to trial pro se. In reaching the decision in *Miller*, this court set forth our Supreme Court's rule in *Weigand* that counsel should be appointed if the defendant has failed to obtain counsel by the ordered date. Nevertheless, this court stated that Miller was found not to be financially unable to employ an attorney and so the rule of *Weigand* was inapplicable.

The instant case is distinguishable from *Miller* because the record here indicates that Young qualified for appointed counsel. The record contains an order appointing counsel for Young in his underlying criminal case. Moreover, the record shows that the trial court appointed counsel in May 2004 when Young first appeared

in this case on a bench warrant. Therefore, we are unable to find as we did in *Miller* that our Supreme Court's rule in *Weigand* is inapplicable.

Nevertheless, the State maintains that a reasonable person would agree with the trial court's decision to deny the tacit request for a continuance on a motion to revoke probation that had been pending for 6 months. The State cites to *State v. Bentley*, 218 Kan. 694, 695, 545 P.2d 183 (1976), where our Supreme Court stated: "Although an accused must be provided fair opportunity to obtain counsel of his choice, his right cannot be manipulated to impede the efficient administration of justice. [Citation omitted.]"

In *Bentley*, Bentley requested a continuance on the morning of trial. Bentley appeared with his appointed counsel but complained of a conflict with his attorney and requested a continuance to obtain other counsel. The trial court denied Bentley's request for a continuance, and the case proceeded to a bench trial. On appeal, Bentley argued that the trial court abused its discretion in denying his request for a continuance. In rejecting Bentley's argument, our Supreme Court stated that Bentley had been represented throughout the proceedings "by counsel of good repute, who was known to the court which appointed him as 'professionally competent to handle trial of this case' " and that the record did not suggest otherwise. 218 Kan. at 695. Moreover, our Supreme Court indicated that it did not disagree with the trial judge's opinion that Bentley's last-minute request for a continuance was a delay tactic, and further stated:

"The defendant was vague and imprecise concerning the conflict and its nature. By his own statement the 'problem' had been on his mind a month, yet his counsel said Bentley had never told him about it.

"Bentley had shown a propensity for delay by twice forfeiting bonds to appear at a preliminary hearing. The trial court knew that a last minute continuance would result in further substantial delay in getting the case to trial." 218 Kan. at 695.

*Bentley* is distinguishable from the instant case because Bentley was represented by appointed counsel at trial. Here, Young did not have appointed counsel who represented him at the probation revocation hearing. Although counsel had been appointed to represent Young in May 2004, apparently this counsel was no longer repre-

senting Young as the record indicates that he had not appeared with Young in court since July 2004.

Under our Supreme Court's holding in *Weigand*, when Young failed to appear with retained counsel on the morning of the probation hearing, the trial court was required to appoint counsel to represent Young and to set the hearing date with adequate time for counsel to confer with Young, to prepare a defense, to subpoena witnesses, and to become acquainted with the facts and the law. In *Unwitting Victim v. C.S.*, 273 Kan. 937, 944, 47 P.3d 392 (2002), our Supreme Court stated that " '[a]n abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances.' [Citation omitted.]" Because the trial court failed to follow the rule in *Weigand*, we determine that the trial court abused its discretion in declining to continue the probation revocation hearing and forcing Young to proceed pro se.

Reversed and remanded.